## DAN KING *vs.* DANIEL S. DICKERMAN.

An action on the Rev. Sts. *c.* 104, to recover possession of a whole estate, is not maintained by proof that the plaintiff and one under whom the defendant holds are tenants in common, and that the plaintiff gave the defendant notice to quit the whole estate.

ACTION on the Rev. Sts. *c.* 104, to recover possession of an estate with a block of buildings thereon, " except so much as is occupied by William Reed, Jr., for a store."

At the trial in the court of common pleas in Bristol, before *Aiken,* J., there was evidence of these facts : On the 1st of July 1856 the heirs of Israel Washburn owned nine tenths, and Reed one tenth, of the premises, and the defendant occupied the premises under them. On the 1st of July the plaintiff purchased from the Washburn heirs somewhat more than two undivided tenths, and on the 3d of October acquired their title in the rest. The plaintiff agreed with them that he should receive from the defendant one third of the rent of the premises for the quarter ending on the 1st of October, and the defendant promised so to pay the plaintiff, and his failure to do so was the only ground relied on to sustain this action. The plaintiff never obtained Reed's title. On the 3d of December the plaintiff gave the defendant written notice to quit and deliver up the whole estate.

The defendant requested the court to rule that if the defendant promised to pay the plaintiff such rent, and failed so to do, yet, as the title stood, the plaintiff would have no right to give him such a notice, or to maintain this action. But the judge declined so to rule. A verdict was returned for the plaintiff, and the defendant alleged exceptions.

*C. I. Reed,* for the defendant.

*E. H. Bennett,* for the plaintiff.

BIGELOW, J. This action cannot be maintained. In the first place, the plaintiff in his writ or complaint seeks to recover possession of the whole estate therein described. But the evidence shows that he is entitled to only nine tenths of the estate, and that the defendant is in rightful possession of the other tenth.

There is no provision in the Rev. Sts. *c.* 104, §§ 2–4, under which the process is brought, by which a party can, under a complaint claiming possession of an entire estate, recover an undivided part thereof.

In the next place, if the complaint was in due form and set out correctly the plaintiff's title, and sought only to recover possession of the undivided portion of which he is the owner, the notice to quit is fatally defective, and could not terminate the defendant's estate or right of possession in that portion or undivided part of the premises belonging to the plaintiff. The notice required the defendant to quit the entire estate. This he was not bound to do. By virtue of his lease of one undivided tenth from the other tenant in common of the estate, he was in legal effect co-tenant of the plaintiff. He had a right to be in possession of his share of every part of the estate. He was in *per my et per tout*, and could not be legally required to quit the possession of one tenth of any portion of the premises. Indeed he could not comply with the notice to quit, without giving up his legal right to the enjoyment of the undivided portion of the estate which did not belong to the plaintiff. The notice was therefore one which the plaintiff had no legal right to give, and which the defendant was not bound to regard. It was not even effectual to terminate the right of the defendant to occupy the estate as lessee or tenant of the plaintiff.

Besides, we are strongly inclined to the opinion that a process of this nature is not maintainable by one tenant in common against another to recover possession of an undivided part of an estate, under the provisions of the Rev. Sts. *c.* 104, § 2, which is applicable to lessees holding possession of demised premises after the termination of the lease by notice to quit or otherwise. The difficulty is that in such case the plaintiff is not entitled to possession of the demised premises to the exclusion of the defendant. Both parties have a legal right to possession of the estate, and of every part and parcel thereof, according to their respective titles. But this process is strictly a possessory one. The entire fruit of a judgment is a mere writ of possession, by which the officer is required to eject the tenant. It is difficult

to see how such a process can legally be issued against a party who, being a tenant in common with the plaintiff, is after judgment still entitled to remain in possession; or how it is practicable to serve it by ejecting a person who has a right to occupy the premises as tenant with the plaintiff.

*Exceptions sustained.*