DAVID GEAGAN'S (dependent's) CASE.

Bristol.    October 24, 1938. — October 25, 1938.

Present: FIELD, C.J., DONAHUE, LUMMUS, QUA, & DOLAN, JJ.

*Proximate Cause.*

In workmen's compensation proceedings, expert evidence that the great weight of probability pointed to a comminuted fracture of an ankle, a compensable injury, rather than to an operation for the relief of an old hydrocele, unconnected with the injury, as the cause of an embolus from which death resulted warranted a finding that the death was caused by the fracture and an award of compensation for the death.

CERTIFICATION to the Superior Court of a decision by the Industrial Accident Board granting compensation for death.

A decree in accordance with the board's decision was entered by order of *Hurley*, J. The city of Fall River, the employer, appealed.

The case was submitted on briefs.

*G. L. Sisson*, Corporation Counsel, for the city of Fall River.

*H. E. Clarkin & J. T. Farrell*, for the claimant.

LUMMUS, J. From a decree awarding compensation for the death of the employee, the city appealed. The employee received a compensable personal injury, a comminuted fracture of the ankle, and was taken to a hospital. While there, six days after the injury, an operation was performed upon him for the relief of an old hydrocele unconnected with the injury. Twenty-one days afterwards his death was caused by an embolus that reached his lung.

Upon all the evidence the embolus might have resulted from either the fracture or the operation. The burden was on the claimant to show by the preponderance of the evi-

dence that the fracture was the cause. The board as the tribunal of fact was entitled to believe the expert testimony for the claimant that the fracture would destroy much tissue, break many blood vessels, and form clots, while the operation would cause little bleeding, for the veins involved are small and speedily tied; and that the great weight of probability points to the fracture as the cause. Upon this evidence the finding in favor of the claimant was warranted. *DeFilippo's Case,* 284 Mass. 531, 534–535. *Bennett* v. *Fitzgerald,* 284 Mass. 535, 538. *Sheppard's Case,* 287 Mass. 459, 463. *McAuliffe* v. *Metcalfe,* 289 Mass. 67. *Robinson's Case,* 299 Mass. 499, 502.

*Decree affirmed.*