### Alban Cormier's Case.

Suffolk.    April 8, 1958. — June 18, 1958.

Present: Wilkins, C.J., Ronan, Spalding, Whittemore, & Cutter, JJ.

*Workmen's Compensation Act*, Injuries to which act applies; Procedure: exceptions, appeal. *Proximate Cause. Evidence*, Opinion: expert.

A finding by the Industrial Accident Board in a workmen's compensation case that the employee, who became disabled by the condition of his eye after he had been struck "in the vicinity of" the eye by a piece of a rapidly revolving grinding wheel which burst near him while at work, sustained an incapacitating injury arising out of and in the course of his employment was warranted by the opinion of an ophthalmologist that the disabling condition of the eye following the accident was due to such blow, although the witness admitted that such condition would not have resulted from the blow without a jarring of the employee's head by something more than a "very light fragment," that the employee said nothing to him about any jarring, and that the witness did not know the size of the piece which struck the employee and assumed that it was of sufficient size to jar his head, where it could reasonably be inferred from other evidence that such piece, considering its speed when thrown from the wheel, was large enough to jar his head. [715–717]

Denial by the reviewing board in a workmen's compensation case of a motion, filed several days after the case had been heard by the board,

to strike certain testimony of a witness did not bring to the Superior Court or this court the question of evidence so sought to be raised. [717–718]

A party to a workmen's compensation case who has not appealed from a decree entered in the Superior Court is not entitled to seek a decree more favorable to him when the case comes before this court upon another party's appeal. [718]

CERTIFICATION to the Superior Court of a decision by the Industrial Accident Board under the workmen's compensation act.

The case was heard by *Warner*, J.

*Edmund Z. Dymsza*, for the insurer.

*Harold B. Roitman*, for the claimant.

SPALDING, J. On March 1, 1955, while in the employ of the Judson L. Thomson Mfg. Co. the employee was struck "in the vicinity of his left eye" by a piece of emery from a wheel revolving at the rate of 2,000 revolutions per minute. As a result of this accident, which arose out of and in the course of his employment, the employee's vision in his left eye was diminished to below 20/70 of normal. As a consequence, due to the fact that he already had no vision in his right eye, he became totally disabled and was obliged to quit work on March 29, 1955, and that disability still continues.

After finding the foregoing facts, the single member awarded compensation to the employee. This decision, with an exception not here material, was affirmed and adopted by the reviewing board. A decree in accordance with this decision was entered in the Superior Court, from which the insurer appealed.

The insurer contends that the evidence would not warrant the board's finding that the emery wheel accident was the cause of the employee's disability.

Dr. Pavlo, an ophthalmologist who examined the employee on and after June 29, 1955, and who received from him a history of the accident, was called by the employee and read the following from a report dated December 3, 1955: "My impression is that . . . [the employee] has . . . extensive retinal pathology and vitreous hemorrhage

of the left eye . . . of a traumatic nature and related to the accident of . . . March 1, 1955." When asked if that was still his opinion he replied that it was. A history obtained from the employee indicated that he was struck in his left frontal parietal area by a piece of a grinding wheel next to him which had burst. Dr. Pavlo concluded that this blow from the grinding wheel caused the hemorrhage to start. Upon being asked if he traced "this injury" to the traumatic injury the witness replied, "Yes, on or about March 1, 1955." On cross-examination the witness stated that he had "ruled out all disease processes" that would have caused the condition of the employee's eye.

This testimony went well beyond indicating a mere possibility of causal relationship between the accident and the disability. *Josi's Case*, 324 Mass. 415, 418. Compare *Green's Case*, 266 Mass. 355; *Johnson's Case*, 278 Mass. 365, 369.

On cross-examination Dr. Pavlo admitted that there would have to have been jarring of the employee's head for the grinding wheel incident to have caused the subsequent condition and that a blow from a "very light fragment" would not be sufficient. He stated that the employee was "a miserably poor raconteur" and that there was in the history given by him "not one word . . . about a jarring or shaking of the skull." The witness did not know the size of the fragment which hit the employee but was assuming the fact that it was of sufficient size to jar his head.

We have said many times that the opinion of an expert based on assumed facts which have no evidential foundation is entitled to no weight. *Ruschetti's Case*, 299 Mass. 426, 431. *Nass* v. *Duxbury*, 327 Mass. 396, 401–402. *Ralph's Case*, 331 Mass. 86, 90. *Brown* v. *United States Fid. & Guar. Co.* 336 Mass. 609, 613–614. See *Brownhill* v. *Kivlin*, 317 Mass. 168, 170. However, in all of these cases the fact assumed by the expert as the basis for his opinion was neither established by direct evidence nor reasonably inferable from other evidence. Here, there was testimony of the employee and fellow employees to the effect that the

grinding wheel which broke was ten inches in diameter and three fourths of an inch thick, that only one half of an inch was left after the break, that the wheel had been revolving at the rate of 2,000 revolutions per minute, that the employee after being hit "holler[ed] ouch" and was in pain, that he was bleeding, and that he felt dazed. From this evidence it could reasonably be inferred that the object which struck the employee, considering its speed, was large enough to jar his head. The opinion of Dr. Pavlo, therefore, was based on facts which, although assumed, were sufficiently established by reasonable inference from the evidence. *McMurray's Case*, 331 Mass. 29, 32.

A question of evidence remains. At the hearing before the single member a report of an examination of the employee by his physician, Dr. Maybay, was offered in evidence, the insurer objecting. It was agreed that this report be "admitted de bene subject to be stricken later." Dr. Maybay never testified but Dr. Pavlo based his testimony in part on certain blood tests described by Dr. Mavbay in his report. At the conclusion of the hearing the insurer made a motion to strike the testimony of Dr. Pavlo based upon the blood tests contained in Dr. Maybay's report. No action appears to have been taken on this motion by the single member. Ten days after the case was heard by the reviewing board the insurer filed a motion to strike the testimony of Dr. Pavlo relating to causal connection between the accident and the alleged disability on the ground that it was based in part upon Dr. Maybay's report which was improperly admitted in evidence. Denial of this motion reveals no reversible error. A question of evidence is not brought to the Superior Court or to this court unless it was shown to have been raised before the reviewing board when the case was before it. *Minns's Case*, 286 Mass. 459, 467. *Indrisano's Case*, 307 Mass. 520, 521. *Donlan's Case*, 317 Mass. 291, 294. *Luczek's Case*, 335 Mass. 675, 677. True, the insurer did raise the question before the reviewing board, but not until ten days after the case had been heard by that board. The question should have been raised at the time

of the hearing before the board. It could not be raised as of right at a later time. See *Cummings* v. *National Shawmut Bank*, 284 Mass. 563, 568; *Solomon* v. *Dabrowski*, 295 Mass. 358, 360. We do not reach the merits of the question sought to be raised.

We do not consider the employee's contention touching the inadequacy of the doctor's and the attorney's fee allowed by the board and the inadequacy of the attorney's fee allowed by the Superior Court. Not having appealed from the decree, the employee is not entitled to a more favorable decree. *Greenaway's Case*, 319 Mass. 121, 122.

Costs and reasonable expenses are to be allowed the employee. G. L. c. 152, § 11A, inserted by St. 1945, c. 444, as amended.

*Decree affirmed.*