# RESCRIPTS WITHOUT OPINIONS.

Pursuant to the requirements of G. L. (Ter. Ed.) c. 211, § 9, the Reporter publishes the following:

ROGER ADAMS's (dependent's) CASE. April 30, 1959. Decree affirmed. Adams, fifty years old, in good health, and with no record of heart trouble, on Saturday morning, June 9, 1956, while working for his insured employer, was struck by a heavy wooden beam. He suffered "a long oblique fracture [of the foot] involving the entire shaft of the first metatarsal which caused discoloration . . . and swelling." Early the following Monday, the condition having grown worse, he was sent to a hospital for X-rays. A doctor sent him home. That night he became ill and complained of pains in his chest. "[E]arly Tuesday . . . [he] was removed to the hospital where he died shortly after his arrival." The single member found that Adams's death on June 12 "was due to a pulmonary embolus resulting from the injury to his foot" and awarded compensation to his widow. The reviewing board (a) denied the insurer's motion to strike out the testimony of two qualified experts upon hypothetical questions that the cause of death in their opinion was a pulmonary embolus arising from phlebothrombosis in the injured foot and (b) adopted the findings and decision of the single member. A decree of the Superior Court enforced the order of the board. The insurer appealed. No evidence of an autopsy appears. The insurer argues that the sudden death was consistent with either coronary infarction or pulmonary embolus. The facts already in evidence, when the hypothetical questions were put, were adequately stated in such questions and formed a sufficient basis for the experts' opinions. On these opinions and the basic facts, despite conflicting medical testimony, the board reasonably could find that the most likely cause of death was a pulmonary embolus. *Geagan's Case*, 301 Mass. 319, 320. *O'Connor* v. *Griff*, 307 Mass. 120, 123. *Josi's Case*, 324 Mass. 415, 418–419. *Cormier's Case*, 337 Mass. 714, 716–717. This was not a case of mere conjecture about the source of injury, cf. *Tartas's Case*, 328 Mass. 585, 586–587, nor did the testimony involve application of an unconfirmed medical theory of causal possibility, as in *Sevigny's Case*, 337 Mass. 747, 751–754. Costs of this appeal are to be determined by the single justice under G. L. c. 152, § 11A, as amended through St. 1957, c. 693, § 3.

*Francis X. Burns*, for the insurer.
*Lawrence L. Cameron,* (*Kevin H. White* with him,) for the claimant.