*Northern District*

No. 7206

**JOHN DiNATALI,**
**Plaintiff-Appellant**

**v.**

**RAYMOND JACKSON,**
**Defendant-Appellee**

Argued: Dec. 17, 1969. Decided: Jan. 27, 1970.

*Present:* Brooks, P.J., Connolly, Parker, JJ.

Case tried to *Kingston, Sp. J.,* in the District Court of Somerville No. 12244

*Parker, J.* *The plaintiff brought an action of summary process* in the District Court of Somerville by a writ dated 27 July 1969. The writ contained an account annexed for rent due for the months of June and July in the amount of $150.00 for each month. The defendant's answer was a general denial, failure of plaintiff to meet standards of G.L. c. 111 and the housing code of the City of Somerville and deprivation of the premises as provided by G.L. c. 239, § 3A. The report further appears to state that the defendant also raised another defense, but from the report we are unable to determine what the defense was.

The case was assigned for trial 26 August 1969 on which date the defendant filed an amended answer alleging that plaintiff failed to provide defendant with hot water from 20 April to 30 June 1969. The report further states that this amendment also alleged that the plaintiff likewise failed to provide hot water from August 27 through 9 September 1969. How it was possible for the defendant to foresee this lack of hot water at the time of filing his amended answer taxes the credulity of this Division.

In his amended answer the defendant also specified losses caused him by the plaintiff as follows:

Twenty seven hours of work @ $3.98 per hour.

$75.00 for electricity to heat water.

$60.00 for cleaning defendant's apartment.

$50.00 for loss of swing set caused by plaintiff.

$30.00 for loss of a bicycle belonging to defendant's child.

Denial by plaintiff to defendant of access to basement, and backyard.

Assault on defendant's family.

A total money loss of $332.40.

The defendant also filed a prayer to keep the rent due June, July and August 1969.

The court found notice was duly given. The case was continued until 9 September 1969. It would appear, though the report does not so state, that on 9 September 1969 the court found that rent for the premises was $150.00 per month and ordered this sum to be paid into court, under the provisions of G.L. c. 239, § 8A. This order was complied with. The court further ordered a payment of $4.66 per day from 9 September 1969 for occupation. To whom this sum was to be paid is not disclosed by the report.

The case was then continued to 15 September 1969. At this time the defendant testified that he was still in occupation. Other than

this, the report states none of the evidence presented except that one "Thomas Doody, Building Code Enforcement Office, testified as to the violations and conditions of the property", and "Raymond Jackson testified as to the conditions of the apartment".

Plaintiff's counsel questioned the validity of the statute G.L. c. 236, §8A on the following grounds:

1. Since a tenancy was a contractual matter the statute impaired the obligations of a contract prohibited by Article I, § 10 of the Constitution of the United States and cited the Dartmouth case.

2. The continued occupation of the tenant was analogous to the quartering of troops in a person's home prohibited by the Third Amendment to the Constitution of the United States.

3. Since the plaintiff here was assessed a fine of $500.00 upon a complaint for failure to provide hot water, although he had appealed this fine, any amount awarded the defendant would constitute cruel and unusual punishment prohibited by the Eighth Amendment of the Constitution of the United States, and further, that to withhold the premises and assess damages took plaintiff's property in violation of the Fifth and Fourteenth Amendments of the Constitution of the United States.

The court allowed the amended answer and found possession for the plaintiff, execution to issue on 1 October 1969, and awarded the

defendant $280.00 of the amount paid in court the balance to the plaintiff.

The plaintiff requested "a report to so much of the court's order which concerned itself with damages."

This being an action in summary process the immediate question before us is whether the Appellate Division of the District Courts has jurisdiction to hear this appeal. The statutory provisions governing summary process are found in G.L. c. 239, §§ 3 and 5 set up the procedure for appeal. § 3 in its relevant part reads as follows:

"Except as hereinafter provided, if the court finds that the plaintiff is entitled to possession, he shall have judgment and execution for possession and costs, and, if rent is claimed as provided in section two and found due, the judgment and execution shall include the amount of the award. —————.

"In case of appeal on either or both issues involved the appeal shall be to the Superior Court under section five."

§ 5 provided that a bond must be given if a defendant appeals from a judgment of a District Court rendered for the plaintiff for possession of the land or tenement demanded, conditioned upon entering action in the Superior Court for that County at the return day next after the appeal is taken.

There is no other method provided for an appeal in summary process, which is an action established and controlled by statute. Further,

§ 3 of G.L. c. 239 uses the word "shall" which is mandatory and so restricts the appeal to the Superior Court.

We are of the opinion that the provisions of G.L. c. 239 § 3 limit the appeal to the Superior Court and therefore this Division does not have the power to hear this appeal.

We would also point out that the report itself does not comply with the Rules of the District Courts, in the following respects:

1. No requests for rulings were made by the appellant. Rule 27 of the District Courts (1965).
2. The report is not on the size paper required by the second paragraph of Rule 31 of the Rules of District Courts (1965).
3. Much evidence is stated in the briefs of both parties which does not appear in the report. *The only evidence to be considered by this Court is evidence which the report states was given at the trial before the District Court.*
4. The report fails to follow the form and substance of Rule 28 of the Rules of the District Courts (1965) and the draft report model set out therein.

*The report will be dismissed.*

PIZZIFERRI & TODISCO
   for plaintiff.
JOHN C. CRATSLEY
   for defendant.