GABRIEL LABAO *vs.* CHESTER RUDNICKI. April 14, 1970. In this action of
summary process commenced in a District Court there was a finding for the
plaintiff for possession. Following the disallowance of a report by the trial
judge, the defendant brought a petition in the Appellate Division for the es-
tablishment of the report. That court correctly ruled that it was without
jurisdiction for the reason that appeals in summary process cases lie to the
Superior Court. See G. L. c. 239, § 3, as amended.

*Order dismissing petition affirmed.*

The case was submitted on briefs.
*Chester Rudnicki,* pro se.
*David Cohen & Samuel J. Foti* for the plaintiff.

LAURENCE CHIN's (dependent's) CASE. May 1, 1970. On January 15,
1963, the employee, twenty-six years old, fell from the twenty-first to the
tenth floor of the Prudential building, then under construction, and suffered
multiple injuries from which he died several hours later. Under G. L. c. 152,
§ 36A (as amended through St. 1951, c. 494), the claimant widow sought
specific compensation provided by § 36 (as amended through St. 1962, c. 471,
§ 1), for total loss of function of both arms and both legs, total loss of vision,
hearing and smell, other losses of bodily functions, and disfigurement. The
insurer appeals from a final decree awarding the claimant compensation for
total loss of function of both arms and both legs, disfigurement, and the loss
of other bodily functions. The decree is based on the decision of the reviewing
board which must be upheld if warranted by the evidence and not tainted by
error of law. *McCann's Case,* 286 Mass. 541, 543. *Webb's Case,* 318 Mass.
357, 358. *Mahoney's Case,* 337 Mass. 629, 631. There was evidence, which
even though contradicted, supports the decision of the board. *Adams's Case,*
339 Mass. 772. See *Sevigny's Case,* 337 Mass. 747. The decree does not dis-
pose of the claims for loss of vision, hearing and smell. The decree is to be
modified by adding the words, "the claims for loss of vision, hearing and
smell are dismissed." *Taylor's Case,* 355 Mass. 797. As so modified, the
decree is affirmed. Costs of appeal are to be determined by the single justice.

*So ordered.*

*Daniel A. Canning,* for the insurer, submitted a brief.
*William A. Cotter, Jr.,* for the claimant.