*Southern District*

## BRISTOL INDUSTRIES, INC.

v.

## CALEF BROS. & CO., INC.
and
## IRVING CALEF

Argued: Feb. 22, 1972 - Decided: May 31, 1972

Case tried to *Bento, J.* in the Third District Court of Bristol, No. 9726.

*Present:* Murphy, P.J., Lee, J., Covett, J.

**Lee, J.** This is an action of summary process whereby the plaintiff seeks to recover possession of 18,000 square feet, more or less of space situated on the east side of the fourth floor of the building numbered 651 Orchard Street, New Bedford, Massachusetts. The defendants filed a plea in abatement alleging that this action should be abated for the reason that at the time this action was commenced by the plaintiff, Bristol Industries, Inc., the plaintiff was not in sole control of the premises in question. The defendants further alleged that on February 16, 1971, Bristol Industries, Inc. had executed and delivered a written lease of said

premises to Bristol Electronics, Inc. for a term of one year to February 16, 1972; and that, therefore, the plaintiff is not the proper party plaintiff and that this action should be abated.

At the hearing on the plea in abatement, no witnesses were sworn and no testimony was given.

Plaintiff's attorney duly objected to a hearing on defendant's plea in abatement solely on argument of counsel and without introduction of evidence to support the facts alleged in defendant's plea in abatement and further alleged that the defendant should have raised this issue by a plea in bar rather than by plea in abatement. The court overruled these objections and granted the defendant's plea in abatement.

The plaintiff claims to be aggrieved by the ruling of the court that defendant's plea in abatement could be heard and granted without the introduction of evidence by the defendants.

The plaintiff claims further to be aggrieved by the court's ruling that the issue of whether the plaintiff was the proper party plaintiff in this action could be raised by way of a plea in abatement.

We do not reach the gist of the plaintiff's argument that the defendant's plea in abatement should not have been granted without the introduction of evidence nor that the issue raised by the defendants was properly before

the court by way of a plea in abatement. This matter must be resolved on other grounds.

The plaintiff has no right of appeal to an Appellate Division of the District Courts in summary process proceedings. His appeal is to the Superior Court. G.L. c. 239, §§ 3 and 5, as amended. The pertinent paragraph of Chapter 239, § 3 as amended states, . . ."In case of appeal on either or both issues involved, the appeal shall be to the Superior Court under § 5." See also *Labao* v. *Rudwicki*, 1970 AS 567.

The plaintiff by this action has not waived its right of appeal to the Superior Court. While G.L. c. 231, § 103, does provide that usually a plaintiff's election to bring the action in the District Court waives his right to appeal to the Superior Court, yet, its last sentence states that the section, "shall not apply to actions under Chapter 239. (*i.e.* summary process).

The court would like to say by way of "obiter dictum" that where testimony is available by document or witness in the arguing of a motion or plea, it should be accepted by the justice and made part of the hearing. In this case testimony was apparently available to the justice at the hearing but he did not accept it. This would give support to his ruling and make clearer to the Appellate Division his reason for same.

This court, lacking jurisdiction in this matter, the report is ordered dismissed.

David S. Barnett
  for Plaintiff
Barrett Smola
  for Defendants