COUNTY PERSONNEL BOARD & another[1] *vs.* THIRD DISTRICT COURT OF EASTERN MIDDLESEX & another.[2] March 3, 1976. This is an appeal from a judgment of a single justice setting aside the decision of a District Court judge which had reinstated the defendant Chester Cooper as a senior correction officer in the Middlesex County House of Correction, Billerica, and affirming the decision of the county personnel board (board) which had in turn affirmed the action of the plaintiff sheriff of Middlesex County in removing him. He had appeared before the sheriff charged with five violations of his duties as a correction officer. The sheriff found him to have committed the violations and discharged him. The board in five days of hearings with numerous witnesses found that he was guilty of two of the violations listed by the sheriff. Thereafter, on a bill for judicial review filed by Cooper, the District Court judge heard testimony of four witnesses, including one who had not appeared before the board, and determined that Cooper had not been given an adequate hearing by the sheriff, reversed the decisions of the sheriff and the board, and ordered Cooper reinstated without loss of pay. The single justice set aside the decision of the District Court judge and ordered the decision of the board affirmed. The single justice properly concluded that Cooper waived any deficiencies in the notice and hearing before the sheriff when he sought, and was afforded, a full de novo hearing before the board. Waiver of procedural irregularities before an appointing authority has been found in similar circumstances under the civil service laws when a discharged employee pursued his right to an administrative hearing before the Civil Service Commission under G. L. c. 31, § 43 (*b*). See *Beaumont* v. *Director of Hosps. & Superintendent of the Boston City Hosp.* 338 Mass. 25, 26-27 (1958); *Daley* v. *District Court of W. Hampden,* 304 Mass. 86, 90-94 (1939). Cf. *Luacaw* v. *Fire Comm'r of Boston,* 350 Mass. 326, 328

---

[1] Sheriff of Middlesex County.

[2] Chester Cooper.

(1966). In so far as the District Court judge in reversing the board's finding made a determination on the merits that the board's decision was not justified, he exceeded the scope of review open to him under G. L. c. 35, § 51, which is, as noted by the single justice, word for word that of G. L. c. 31, § 45, as that section existed before 1970. The standard of review is that the District Court "shall hear witnesses, review such action [of the board], and determine whether or not upon all the evidence such action was justified." The scope of review thereunder was defined by Chief Justice Qua in *Sullivan* v. *Municipal Court of the Roxbury Dist.* 322 Mass. 566, 573 (1948), cited in *Commissioners of Civil Serv.* v. *Municipal Court of the City of Boston,* 359 Mass. 211, 214 (1971), wherein he stated that review "does not import a reversal of the earlier decision honestly made upon evidence which appears to an unprejudiced mind sufficient to warrant the decision made although of a character respecting the weight of which two impartial minds might well reach different conclusions, and upon which the reviewing magistrate, if trying the whole issue afresh, might make a different finding." In this instance there was conflicting testimony on the alleged violations providing questions of credibility for the board, not the judge on review. As intimated by the single justice, the District Court judge seems to have attempted to have determined the merits de novo in a proceeding which was in part the construction of a new record. If additional witnesses were properly to be heard, the judge could have ordered that such additional evidence be taken before the board. This was not done. Further, there was sufficient evidence before the board as matter of law to support its findings. Finally, certiorari was a proper avenue to correct errors of law appearing on the face of the decision of the District Court judge. *Commissioners of Civil Serv.* v. *Municipal Court of the City of Boston, supra.* It follows that the judgment of the single justice should be affirmed.

*So ordered.*

*Joseph W. Monahan, III,* for the defendants.

*Paula R. Rosen,* Assistant Attorney General (*S. George Bromberg* with her) for the plaintiffs.