ELLIOT R. ARONSON, trustee, *vs.* PAUL M. SCOPA & others (and a companion case[1]). June 24, 1976. A master's report encompassing both cases was adopted and confirmed by a Superior Court judge. A judgment was entered establishing the individual and several indebtedness of the appellants, Scopa and Switzer, to Aronson, the trustee in bankruptcy of S & S Builders, Inc., an insolvent corporation, and the trustee's right to reach and apply certain real estate to satisfy that indebtedness. A second judgment established the indebtedness of the corporation to the Winchester National Bank (bank) and the bank's right to reach and apply the interest of the corporation in the aforementioned real estate. 1. Scopa and Switzer do not contest (a) the corporation's liability to the bank, or (b) the master's findings (i) that Scopa and Switzer caused the corporation to violate its fiduciary duty to the bank under four declarations of trust by diverting to the corporation funds held by the corporation in trust for the bank, (ii) that, at all material times, the corporation was insolvent and (iii) that Scopa and Switzer were the corporation's only stockholders. In these circumstances Scopa's and Switzer's personal liability to the corporation is clear. Scott, Trusts, § 326.3, at 2564 (3d ed. 1967). See *My Bread Baking Co.* v. *Cumberland Farms, Inc.* 353 Mass. 614 (1968), and cases cited; *LiDonni, Inc.* v. *Hart,* 355 Mass. 580, 583 (1969); *Commonwealth* v. *Beneficial Fin. Co.* 360 Mass. 188, 289-291 (1971), cert. den. sub nom. *Farrell* v. *Massachusetts,* 407 U. S. 910, and sub nom. *Beneficial Fin. Co.* v. *Massachusetts,* 407 U. S. 914 (1972). 2. The corporation was entitled to reach the real estate which Scopa and Switzer had conveyed to trustees and to apply it in payment of their indebtedness to the corporation. The master found Scopa and Switzer to be the real and beneficial owners of the real estate and that the trustees, in each instance,

---

[1] *Winchester National Bank vs. S & S Builders, Inc. & others.*

held the record title in trust for the benefit of and as straws for Scopa and Switzer. Scopa's and Switzer's objections to these findings of the master were properly overruled because (a) no basis had been established for challenging those findings by preliminary objections and requests for summaries of evidence (see *Michelson* v. *Aronson, ante,* 182, 187-190 [1976]) and (b) the findings did not appear to be based exclusively on other subsidiary findings. See *Bills* v. *Nunno, ante,* 279, 281-282 (1976). 3. Since the bank has not appealed, we do not discuss questions which it now seeks to raise with respect to indebtedness of Scopa and Switzer to the bank. "It is settled that it is not open to a party who does not appeal to ask for a decree more favorable to ... [itself]." *Greenaway's Case,* 319 Mass. 121, 122 (1946). *Cormier's Case,* 337 Mass. 714, 718 (1958).

*Judgments affirmed.*

*Marvin H. Margolies* (*Alan I. Margolies* with him) for Paul M. Scopa & others.

*Benjamin Goldman* for Elliot R. Aronson, trustee.

*Allan G. Zelman* for Winchester National Bank.