# HUNTERS BROOK REALTY TRUST
## vs.
## Nancy SAMPSON

District Court Department
Appellate Division, Southern District
Trial Court of the
Commonwealth of Massachusetts

**April 7, 1980**

Robert L. Perry for the plaintiff.
John J. Perenyi for the defendant.

Present: Lee, P.J., Rider & Welsh, JJ.

WELSH, J. This is an action for damages for the alleged breach of certain covenants in an apartment lease executed by the plaintiff,[1] as landlord, and the defendant, as tenant.

The plaintiff alleges in substance that the lease provided that in the event of a termination of the lease, the tenant would be obligated to indemnify the landlord for any loss or damage sustained by reason of such termination if the termination were occasioned by the default of the tenant; and to reimburse the landlord for attorney's fees, costs or other damages incurred in evicting the tenant. The plaintiff asserts that damages in the amount of $1,208.00 were sustained by reason of the breach of the covenants in the lease, and by reason of the attorney's fees and costs incurred in eviction.

The defendant contends, by way of a motion to dismiss, that the plaintiff is estopped to claim such damages since the plaintiff ought to have alleged such claims in connection with a summary process action between the same parties. The plaintiff received in said action a finding and judgment in its favor awarding possession of the premises. The defendant contends that failure to make the claim in that action is a bar to the present claim.

The trial judge allowed the motion to dismiss, and judgment was entered dismissing the action.

We determine that the claims the plaintiff asserts herein are not barred by reason of the judgment for possession in the summary process action, and, therefore, that it was prejudicial error to allow the motion to dismiss.

1. The judgment in the summary process action awarding possession of the premises to the plaintiff was res judicata as to the landlord's right to possession. The parties are bound by that determination, and by any subsidiary issues of fact or law implicit in the judgment for the plaintiff for possession. Gordon v. Sales, 337 Mass. 35, 36 (1958).[2] Thus, such matters as the adequacy of the terms of notice to terminate; the sufficiency of service of the notice; waiver of the breach giving rise to the right to terminate; or any other matters bearing upon the landlord's right to immediate possession of the premises are conclusively determined by the judgment that was entered, and may not be re-litigated by the parties. Goode v. Esterman, 324 Mass. 527, 528 (1951).

[1] No trustee appears to have been assigned as plaintiff. A trust, of course, is not a legal entity and does not have the capacity to sue except through a trustee. Larson v. Sylvester, 282 Mass. 352, 359 (1933). Compare G. L. c. 182, s. 6. Since the issue has not been raised, we deem it waived. Dist./Mun. Cts. R. Civ. P. 12(h).

[2] Although a judgment for the plaintiff would be res judicata on the issue of the plaintiff's entitlement to possession, a judgment for the defendant would not appear to have such an effect. See Miller v. Campello Co-operative Bank, 344 Mass. 76, 77-78 (1962).

2. There was no obligation on the part of the plaintiff to join with his claim and request for relief by way of a judgment for possession any claim for rent, use and occupation, or for breach of any covenants in the lease. Prior to 1960, the entire fruit of the judgment in an action of summary process was a writ of execution requiring the officer to whom it was directed to put the plaintiff in possession of the premises. Davis & O'Connor Co. v. Shell Oil Co., 311 Mass. 401, 404 (1942); King v. Dickerman, 11 Gray (77 Mass.) 480, 481 (1858). At that time it was not permissible to join a count for rent or for use and occupation in a summary process action, and an attempt to do so would constitute misjoinder and thus grounds for a demurrer. Summary process was always recognized as a specialized form of action, and, although derived from the forcible entry and detainer statutes of England, was consistently regarded as entirely statutory in this Commonwealth. Cummings v. Wajda, 325 Mass. 242 (1950). The declaration in summary process, as with the former action of replevin, was contained in the writ. No further declaration was required. G. L. c. 239, s. 2. Compare National House Furnishing Co. v. Anderson, 316 Mass. 301, 302 (1944). The form of the writ in summary process was prescribed by rule of court, and did not allow for the insertion of a count for rent or the like. Apart from this, a somewhat inflexible set of rules concerning joinder of causes of action was brought into the existing practice. See, e.g., G. L. c. 239, s. 7, as amended through St. 1939, c. 67, s. 1. Presumably, the summary character of the remedy might be impaired if joinder of counts were liberally permitted. The Legislature recognized this by providing in s. 7 that:

"The judgment in an action under this chapter shall not be a bar to any action thereafter brought by either party to recover the lands or tenements in question, or to recover damages for any trespass thereon; but the amount recovered for rent under section five shall be deducted in any assessment of damages in such subsequent action by the original plaintiff."

In 1960, by virtue of St. 1960, c. 463, s. 1, the Legislature permitted for the first time the joinder of a claim for money damages for rent with the usual prayer for an execution for possession. Its purpose was to enable the plaintiff to receive in one action an execution for possession and for rent. Later, the statute was further amended so as to permit a claim for use and occupation as well as for rent. In both cases, the Legislature chose explicit language providing that failure to make the claim for rent or for use and occupation was not a bar to a subsequent action therefor. We think it clear beyond question from a reading of ss. 2 and 7 of c. 239 that the Legislature did not intend to require a plaintiff to join all claims then known to him regarding the tenancy or arising out of damage to the premises under penalty of being forever barred from asserting such claims in a subsequent action if he failed to do so.

3. This construction is reinforced by the treatment afforded summary process proceedings under the new Massachusetts Rules of Civil Procedure. Rule 81(a)(7) of Mass. R. Civ. P. expressly exempts summary process actions from the Rules' application. Rule 130(a) of the Dist./Mun. Cts. Supp. R. Civ. P. specifies that only Rules 3 and 4, dealing with commencement of civil actions and service of process, are applicable. Therefore, Dist./Mun. Cts. R. Civ. P. 18, dealing with a joinder of claims and remedies, is not applicable to summary process. The character of summary process as a unique and specialized remedy appears to have been preserved in the present treatment given it under the applicable Massachusetts Rules of Civil Procedure. We note that the defendant also has a wider range of options as to choice of remedies in summary process, but these too are elective and not compulsory. G. L. c. 239, s. 8A.

No statute or any precedent called to our attention by counsel or disclosed by our research permits the recovery in an action of summary process for either damages for breach of a covenant of a lease, except for rent or for use and

occupation, or for attorney's fees incurred in evicting the tenant. From the Legislative history, we have substantial doubts whether such claims could be asserted properly as part of the summary process action. A fortiori, the suggestion that the plaintiff is **required** to assert such claims in his summary process action, or be deemed to be barred later from asserting them, is totally lacking in support either in statute, case law or logic. The position taken by the Restatement of Judgments supports the conclusion that the judgment in the prior summary process action is not conclusive as to those questions of fact not actually litigated and determined. Restatement, Judgments, s. 65(2)(1942). Cases cited by the appellant dealing with the splitting of causes of action are inapposite because the policy against splitting a cause of action assumes that the claim now sought to be litigated was a part or element of the original cause of action. Restatement, Judgments, s. 62 (1942).

The order allowing the motion to dismiss and the judgment of dismissal are to be vacated, and the cause is to stand for hearing in the trial court.

So ordered.
J. Welsh