Black, P.J.
Counsel for the defendant in this case has filed a “Motion to Extend Time For Approval of a Draft Report” which contains two requests; *100 namely (1) that the time be extended for allowance of a Draft Report upon ' which the trial judge has failed to act; and, (2) that this court establish a report as provided under Mass. R. Civ. P., Rule 64(c) (5).
A review of the docket sheet disclosed that this case involves a Summary ■ Process action, as to which there was a finding for the plaintiff after a hearing in the Taunton Division. Thereafter, the defendant filed a Notice of Appeal-Request for Draft Report followed by the filing of a Draft Report. It is not clear whether the trial judge who heard the case and who is not regularly assigned to the Taunton Division has not had an opportunity to hold a hearing on the Draft Report, or whether he has intentionally declined to act upon the Draft Report. In either event, the motion must be denied for lack of subject matter jurisdiction.
From time to time considerable confusion has existed over the proper course of appeals in summary process actions. This is particularly true since Shea v. Neponset River & Marine Sportfishing, Inc. 14 Mass. App. Ct. 121 (1982), which held that appeals rights of both parties to summary process cases brought in the District Court were governed by the same requirements applicable to regular civil actions brought in the District Court, under the provisions of the statute governing summary process actions as then in force. However, since the enactment of St. 1982, Ch. 304 (Approved July 9,1982), it is clear that a landlord who commences a sumary process action in a District Court does not waive right to a trial de novo appeal in the Superior Court. See PERLIN AND CONNORS, HANDBOOK OF CIVIL PROCEDURE IN THE MASSACHUSETTS DISTRICT COURTS, 1985 Annual supplement, PP. 99-100. It is also clear, that under the present statute there is no right of appellate review of summary process actions in the Appellate Division of the District Courts. See Uniform Summary Process Rules, Rule-12; cf. Hunters Brook Realty Trust v. Nancy Sampson, 1980 Mass. App. Div. 57. Consequently, the motion is denied.;