Black, P. J.
This is an action by which the appellant, Edmund Toomey, an employee of the City of New Bedford, seeks review of a District Court judge’s denial of his motion for an order directing the City to pay him interest on a Civil Service Commission award which included back pay.
Briefly, the record discloses that the City of New Bedford abolished the position of Assistant Commissioner of Public Works, then held by the appellant, effective July 1, 1981. Although the record is not entirely clear on the point, it appears that he was appointed to the position of Superintendent of Public Works by the City. He appealed to the Civil Service Commission and thereafter sought judicial review in the District Court, pursuant to G.L. c. 31, §43. The matter was remanded to the Civil Service Commission for fdrther hearing pursuant to an order of July 7,1982.
Following remand, the Commission held further hearings and ordered that the appellant be appointed to and given the responsibilities of the position of Supervising Civil Engineer, together with back pay representing the difference between the salary he had actually received and the position of Supervising Civil Engineer. The Commission’s order to this effect was entered July 18,1986. No appeal was taken from that decision.
On October 22, 1986, the appellant filed a motion in the District Court seeking an order directing the City of NewBedford to pay interest on that part of the Commission’s order relating to back pay, pursuant to the provisions of G. L. c. 213, § (6)(c). This motion was denied and thé appellant requested a report.
Apparently, the appellant filed his motion in the District court for an order directing the City of New Bedford to pay interest on the belief that the court retained continuing jurisdiction over the case. In this connection, we would note'only that G.L. c. 31, § 44 provides that the decision of the District Court reviewing an order of the Civil Service Commission “shall be final and conclusive,” upon the parties. In this case the District Court judge’s finding and order of July 7,1982, resulted in the remand of this case to the Civil Service Commission and its further hearing and order of J uly 18,1982, from which no appeal was taken. Consequently, while neither the judge’s decision denying the appellant’s motion nor the report of this case specify the reason for the denial of the motion, it is clear that under the statute the District Court does not retain continuing jurisdiction over Civil Service Commission appeals once the court’s decision is rendered. Had the appellant been dissatisfied with the *168 Commission’s decision after the remand, a new appeal to the District Court within thirty days of the Commission’s July 18,1982,decision would have been required. Since none was taken, the District Court lacked jurisdiction to order the payment of interest pursuant to the appellant’s motion of October 22, 1986, and the motion was properly denied.
More importantly, however, the Appellate Division has no jurisdiction to hear appeals from District Court proceedings involving the review of Civil Service Commission decisions. Such matters are subject only to a petition for a writ of certiorari. (See, M. PERLIN & J. CONNORS, HANDBOOK OF CIVIL PROCEDURES IN THE MASSACHUSETTS DISTRICT COURTS, p. 227 (1980) & Supp. (1985); Whitney v. Judge of the Dist. Court, 271 Mass. 448 (1930) Thomas W. Deely v. Boston Redevelopment Authority, 1980 Mass. App. Division 101; Murray v. Bd. of Health of Watertown, 1979 Mass. App. Div. 469;). G.L. c. 218, § 108 does not confer such jurisdiction.
Consequently, the report is discharged.