Black, P.J.
In this case, the appellant seeks judicial review of the trial judge’s denial of her Rule 60 motion for relief from judgment.
Succinctly stated, the plaintiff, Irene Dwyer Emerson, brought a summary process action against the defendant, Pine DuBois, on October 27, 1986, seeking to recover possession of premises leased under a written instrument that had, by its terms, expired. The defendant’s answer advanced various defenses and counterclaims.
The parties had executed a stipulation on November 20,1986, relative to the disposition of the summary process action, but at no time was it filed as part of the case record. Thereafter, the case was continued several times by agreement of.the parties. On the last continuance date, April 2,1987, neither party appeared for trial. Notice was sent to both parties and the case was placed on the list for April 9,1987, at which time neither party appeared.
The trial judge dismissed the-case pursuant to Rule 10 of the Uniform Summary Process Rules for non-appearance of the parties.
On April 8,1988, the plaintiff hand-carried to the court a Motion for Relief from Judgment under Dist./Mun. R. Civ. P., Rule 60. In the affidavit supporting the motion, the plaintiff asserted that it had not been her intention to seek dismissal of the case and that the parties had intended to file the stipulation with the court. The plaintiffs Rule 60 motion also sought inclusion of the stipulation as part of the case record.
The Rule 60 motion was heard on April 21,1988. Counsel for the defendant produced evidence tending to show that the plaintiffs attorney was not only aware of the April 2,1987 and April 9, 1987, court dates, but had agreed to allow the case to be dismissed. After the hearing, the trial judge denied the plaintiffs Rule 60 motion. The plaintiff thereafter filed a draft report. The defendant promptly filed a Motion to Strike the Draft Report for lack of subject matter jurisdiction by the Appellate Division. The trial judge denied the motion and reported the matter for our determination.
Clearly, under the present law of the Commonwealth, there is no right of appellate .review of summary process -actions in the Appellate Division of the District Courts. See Uniform Summary Process Rule?) Rule 12; Hunters Brook Realty Trust v. Nancy Sampson, 1980 Mass. App. Div. 57; Pine Hill Estates, Inc. v. Rita Stone, 1986 Mass. App. Div. 99. The fact that this case is presented by *161 way of a Rule 60 motion, does not materially alter the situation. Consequently, we conclude that this court lacks subject matter jurisdiction over the underlying cause of action, and, therefore, the report must be dismissed. Parenthetically, it might be added that even if this court were to have subject matter jurisdiction, the trial judge clearly exercised sound discretion i¡n denying the plaintiffs motion.
There being no error, the report is dismissed.