Welsh, J.
This is an action of summary process with an account annexed for rent and/or use and occupation under G.L.c. 239, §1, et seq.
The case was tried in the Quincy Division and a judgment was entered on July 7, 1997 awarding the plaintiff possession and rent in the sum of $5,671.00. On July 17, 1997, the defendants filed a notice of appeal, challenging the finding against the defendant O’Brien individually. Although the notice of appeal requested a cassette copy of the tape recording, the appellant failed to designate which method of appeal he sought to pursue. The motion judge, observing that the Appellate Division is not a separate appellate court but rather an extension of the Trial Court (See commentary to Rule 10, Dist/Mun. Cts. RADA) referred appellee’s Motion To Dismiss to this Appellate Division for determination.
1. At the outset, we address a jurisdictional question not raised by the parties. It is well established that the question of subject matter jurisdiction, whether original or appellate, cannot be conferred by consent of the parties, nor may it be waived by them. It follows that the question of subject matter jurisdiction may be considered by the court on its own motion at any stage of the proceedings. Dennis v. Dennis, 337 Mass. 1, 4 (1958).
It is a well-settled general rule that appellate divisions do not have authority to review summary process appeals. Labao v. Rudnicki, 357 Mass. 772 (1970); Emerson v. Dubois, 1989 Mass. App. Div. 160; Corcoran Management Co., Inc. v. Michaelangelo, 1996 Mass. App. Div. 130. The reason for this rule is the fact that a party aggrieved by a decision in the district court has a right to appeal and have the matter heard de novo in the Superior Court.
By virtue of St. 1996, Ch. 358, summary process actions in the district courts of Middlesex and Norfolk County are no longer subject to de novo retrial in the Superior Court. St. 1996, Ch. 358, §2. Appeals in summary process actions within the scope of this statute establishing a one trial system for civil cases in Norfolk and Middlesex Counties may be taken to the District Court Appellate Division under the Dist./Mun. Cts. RADA St. 1996, Ch. 358, §8. It should be noted that although review by the Appellate Division applies both to jury and jury waived summary process cases, a justice in a jury session may report a question to the Appeals Court in the same manner and under the same conditions that pertain to Superior Court sessions.
We conclude that the Appellate Division has jurisdiction of this appeal.
2. Failure to designate the method of appeal (i.e. whether under 8A, 8B, or 8C of the Dist./Mun. Cts. RA.DA) greatly exceeds merely innocuous missteps described in a case like Schulte v. Director of Division of Employment Security, 369 *197 Mass. 74, 79-80 (1975); such failure is clearly egregious, and, considering the ever mounting damages by way of rent accruing, is prejudicial to the non-appealing party. This failure may fairly be characterized as inexcusable and merits dismissal of the appeal.
Appeal dismissed.
So ordered.