Merrick, J.
The plaintiff bank brought this summary process action against the defendant, its former mortgagor holding over after foreclosure, and obtained a judgment for possession. The defendant filed, and withdrew, an untimely appeal to the Superior Court Department. Nearly three months later, the defendant filed a motion for an “Emergency Stay of Execution.” The defendant has appealed the denial of that motion to this Division.
In general, the jurisdiction of the Appellate Division includes the “rehearing of matters of law arising in civil cases.” G.L.c. 231, §108. However, summary process is entirely a creature of a statute, G.L.c. 239, see Nalbandian v. Patrizzi, 369 Mass. 477, 480 (1976); Cummings v. Wajda, 325 Mass. 242, 243 (1950), which requires appeals to be taken to the Superior Court Department. G.L.C. 239, §3. Thus the *19 Appellate Division enjoys no jurisdiction in summary process proceedings.[1] Labao v. Rudnicki, 357 Mass. 772 (1970); Oakwood Realty Trust v. O’Brien, 1997 Mass. App. Div. 196; Corcoran Management Co. v. Michaelangelo, 1996 Mass. App. Div. 130; DiGiambattista v. Orlandella, 1987 Mass. App. Div. 177, 177-178; Pine Hill Estates, Inc. v. Stone, 1986 Mass. App. Div. 99, 100; Bristol Indus., Inc. v. Calef Bros. & Co., 48 Mass. App. Dec. 132, 134 (1972); DiNatali v. Jackson, 43 Mass. App. Dec. 212, 216-217 (1970). This is no less true when the issue involves a stay of execution. Tremont Towers v. Clifton Properties, 1992 Mass. App. Div. 118. See also, Emerson v. Dubois, 1989 Mass. App. Div. 160, 160-161.
The appeal is dismissed.
So ordered.

 An experimental exception to this rule, St. 1996, c. 358, applicable to cases filed in Middlesex or Norfolk Counties on or after September 30,1996, has no application here. Compare Cummings Prop. Management v. C. T. Whittier & Associates, 1997 Mass. App. Div. 153; Ducker v. Ducker, 1997 Mass. App. Div. 147.