Sabra, J.
This case comes before us as an appeal from the allowance of a motion to dismiss the Petition for Judicial Review of the actions of the Bristol County Personnel Review Board which upheld the termination of the plaintiff Lawrence Rendek, from his employment with the Bristol County Sheriffs Department The *121 defendants preliminarily object to the appeal contending that the appeal should be dismissed for lack of jurisdiction. We agree.
The factual backdrop to this action is as follows: The plaintiff worked for the Sheriffs Department as the Commissary Coordinator at the House of Correction for eight years. The Sheriff discharged him as a result of an incident that took place on or about December 8, 1998, where the plaintiff gave two inmates free samples of some food items as a reward for helping him stock shelves. The plaintiff appealed the Sheriffs decision to the Bristol County Personnel Review Board which, after a hearing, upheld the termination. A Petition for Judicial Review was then filed in the New Bedford District Court pursuant to G.L.c. 35, §51. The district court judge that first confronted this case ordered that the hearing before the Board be redone since the tape recorder of the original hearing malfunctioned and could not provide an adequate record of the testimony for review. Prior to the rehearing, however, the plaintiff died which prevented the matter from going forward. The defendants then filed a motion to dismiss the petition claiming that an action filed pursuant to G.L.c. 35, §51 did not survive the plaintiffs death. The motion to dismiss was allowed which prompted the plaintiff to appeal Tie defendants then moved to dismiss the appeal arguing that this court has no jurisdiction to review the order of dismissal.
The vehicle for the plaintiffs cause of action is dictated by the statute, G.Lc. 35, §51, which expressly states that the decision of the district court shall be final and conclusive upon the parties. The statute does not by its terms provide for an appeal of the review process.
Where, as here, there is no statutory authorization of an appeal, certiorari is the “proper avenue to correct errors of law appearing on the face of the decision of the District Court judge.” County Personnel Board v. Third District Court of Eastern Middlesex, 369 Mass. 972, 973 (1976), citing Commissioners of Civil Serv. v. Municipal Court of the City of Boston, 359 Mass. 211 (1971). The question of whether, within the context of a petition for review filed pursuant to G.L.c. 35, §51, the plaintiffs suit for wrongful termination survives his death is a question of law. That statute does not expressly provide for an appeal of the district court decision. G.L.c. 35, §51. Thus, the only avenue for review is by unit of certiorari. County Personnel Board, supra.
Virtually identical statutory language appeared in former G.L.c. 31, §45, which pertained to the district court review of the actions of the Civil Service Commission, and which also made “[t]he decision of the court... final and conclusive upon the parties.” Pertinent case law indicates that appeal of a commission decision to affirm the action of the appointing authority to discharge an employee covered by Civil Service rules is by way of certiorari, and vested in either a single justice session of the Supreme Judicial Court, or the Superior Court. Hartnett v. Massachusetts Dept. of Revenue, 1991 Mass. App. Div. 190 (Appellate Division of District Court had no jurisdiction to hear appeals involving review of Civil Service decisions); See Commissioner of Civil Service v. Municipal Court of the City of Boston, 359 Mass. 211 (1971) (petition for writ of certiorari filed in the SJC single justice session and then reported to full bench). Cf. Sinclair v. Director of Division of Employment Security, 8 Mass. App. Div. 13 (1954).
Against this backdrop, the plaintiff contends that although the appellate division lacks appellate jurisdiction to review the case on the merits, we somehow may review an order dismissing such a case for reasons other than on the merits. Pointing to the language in the statute which allows the district court judge to “hear witnesses, review such action [of the appointing authority], and determine whether or not upon all the evidence such action was justified,” the plaintiff asserts that unless such a review on tiie merits takes place, the decision to dismiss for “technical reasons” is subject to our appellate jurisdiction. Support for this proposition, however, is lacking.
On the contrary, there is no distinction between procedural or “technical” dismissals and those on the merits in the context of our power of appellate review. The core issue is whether the appellate division has the jurisdiction to review the subject *122 matter in general without attempting to isolate the particular procedural vehicle by which the matter is contested. For example, in an analogous context, it is well established that the appellate division does not have jurisdiction to review summary process actions. Labao v. Rudnicki, 357 Mass. 772 (1970) (SJC upheld Appellate Division dismissal of summary process appeal for lack of jurisdiction). The fact that a summary process case is appealed to the appellate division to review a denial of a motion for relief for judgment or decision to stay the execution does not confer jurisdiction on the appellate division. See Emerson v. Dubois, 1989 Mass. App. Div. 160, 161 (no right of appellate review of summary process actions in the Appellate Division even when present via Rule 60 motion); Corcoran Management Co., Inc. v. Michaelangelo, 1996 Mass. App. Div. 130; Gloucester Bank & Trust Company v. Ferrara, 1998 Mass. App. Div. 18 (no appellate division jurisdiction to review judge’s order on a motion to “stay” the execution). Therefore, the feet that the dismissal in this case was based upon lack of jurisdiction and not on the merits does not, in our view, confer appellate jurisdiction to this court To find otherwise would be to piecemeal the litigation, exceed our jurisdiction, and possibly lead to inconsistent results.
In any event the question of law that is presented here as to the survival of the plaintiffs cause of action, if it is indeed erroneous, is one that can be corrected by a review in certiorari. County Personnel Board v. Third District Court of Eastern Middlesex, 369 Mass. 956, 957 (1976). The district courts do not have jurisdiction of proceedings in the nature of certiorari. G.L.c. 249, §4. Accordingly, the Appellate Division of the District Court does not have jurisdiction of such proceedings. See Toomey v. Bullard, 1987 Mass. App. Div. 167, 168; Deely v. Boston Redevelopment Authority, 1980 Mass. App. Div. 101, 102-103.
Lacking jurisdiction, as we do, to review the district court action, we need not reach the issue of whether the plaintiff’s cause of action pursuant to G.L.c. 31, §51 survived. Therefore, the appeal is dismissed.
So ordered.