IRJA S. THURLOW vs. KENNETH A. CROSSMAN.

Essex.    May 8, 1957. — June 27, 1957.

Present: WILKINS, C.J., RONAN, WILLIAMS, WHITTEMORE, & CUTTER, JJ.

*Trespass. Public Officer. Constitutional Law*, Police power, Due process of law. *Practice, Civil*, Order for judgment, Appeal.

A general finding in an action heard on the report of an auditor whose findings were to be final was in effect an order for judgment from which an appeal to this court lay under G. L. (Ter. Ed.) c. 231, § 96. [250]

In an action heard on the report of an auditor whose findings were to be final, it is the duty of the trial court and of this court to order the correct judgment on the facts reported. [250]

A coastal warden in the law enforcement division of the department of natural resources who, while in uniform, for the purpose of investigating suspected illegal activities respecting the taking of shellfish in the vicinity of certain private premises, drove his official automobile into the driveway of those premises, identified himself to the owner's husband and stated that he proposed to stay there a short time but would move his automobile if the husband wished to leave, and, although ordered off the premises by the husband, remained there for about fifteen minutes, was not liable to the owner for a trespass on the premises since his original entry was lawful under G. L. (Ter. Ed.) c. 21, § 6D, as appearing in St. 1953, c. 631, § 1, and c. 130, § 7, as appearing in St. 1941, c. 598, § 1, and nothing in his subsequent conduct while on the premises made him a trespasser ab initio. [250–251]

G. L. (Ter. Ed.) c. 21, § 6D, as appearing in St. 1953, c. 631, § 1, and c. 130, § 7, as appearing in St. 1941, c. 598, § 1, authorizing entry upon private property by certain officials of the department of natural resources in the performance of their duties, are a proper exercise of the police power and are not unconstitutional as an interference with the owner's rights without due process of law. [250, 251]

TORT.    Writ in the Superior Court dated March 19, 1955.

The plaintiff appealed from a finding for the defendant by *Paquet, J.*, after hearing on an auditor's report.

*Howard S. Whiteside*, for the plaintiff.

*Robert L. Yasi*, for the defendant.

WILLIAMS, J.    This action of trespass was referred to an auditor with an order that his findings of fact be final.    He

reported that the plaintiff was the owner of land and buildings at 278 Water Street, Newburyport. Behind the dwelling house in which she and her husband lived was a building used by her husband, Burnley S. Thurlow, which overlooked the Merrimac River and was used by him as a storage and processing plant in connection with the shellfish industry. The defendant was a "supervisor coastal warden, department of natural resources, division of law enforcement for the Commonwealth of Massachusetts." On the evening of February 8, 1955, he was investigating certain activities on the river flats and was watching persons in the vicinity of the plaintiff's home. He suspected that clams were being dug illegally and might be delivered to Thurlow's plant. About 8 P.M. "in the performance of his duty" he backed the State owned automobile which he was operating into the Thurlow driveway "to prevent any headlight flash signals being given to persons on the flats from that . . . driveway" and also to be in a position to see if anyone came from the flats to deliver clams, illegally taken, to the plant. In a few minutes Thurlow came out of the house and ordered the defendant to leave the premises. "The defendant was in uniform and told the plaintiff's husband who he was and what his duties were and told him that he would leave the premises shortly, that if the plaintiff's husband wanted to go out of the driveway in his car he would move so he could drive the car out, otherwise, he was going to stay for a few minutes. The plaintiff's husband thereupon said that he would get him out of the driveway one way or another and he got into his car, which was behind the defendant's car, started up the motor and drove it into the car in which the defendant was sitting smashing it in the rear. The plaintiff's husband drove his car into the car in which the defendant was sitting three times [causing injury to the defendant, see *Crossman* v. *Thurlow, post,* 252]. After that the plaintiff's husband got out of his car and went into the house and did not come out again that night. . . . The entire time that the defendant was in the driveway on the plaintiff's property was about fifteen minutes."

The auditor found "that the defendant was not trespassing upon the land of the plaintiff, but was properly there in the performance of his duties under the provisions of G. L. (Ter. Ed.) c. 130, § 6A, and c. 631 of the Acts of 1953." Motions for the entry of judgment were filed by the respective parties and the judge *found* for the defendant. The plaintiff appealed from the finding, which was in effect an order for judgment from which an appeal lies under G. L. (Ter. Ed.) c. 231, § 96. *National Cash Register Co.* v. *Warner*, 335 Mass. 736. It was the duty of the judge, and is now our duty, to enter the correct judgment on the auditor's report. *Union Old Lowell National Bank* v. *Paine*, 318 Mass. 313, 315.

The defendant in his capacity as enforcement officer was authorized, in the performance of his duties, to "enter upon and pass through or over private property or lands whether or not covered by water." G. L. (Ter. Ed.) c. 21, § 6D, as appearing in St. 1953, c. 631, § 1. See also G. L. (Ter. Ed.) c. 130, § 7, as appearing in St. 1941, c. 598, § 1. Such right of entry and passage was not, as contended by the plaintiff, an unlawful limitation on her right to the exclusive use of her land. *Parker* v. *Barnard*, 135 Mass. 116, 117. "[R]ights of property are held subject to such reasonable control and regulation of the mode of keeping and use as the legislature, under the police power vested in them by the Constitution of the Commonwealth, may think necessary for the . . . security of the public health and welfare." *Blair* v. *Forehand*, 100 Mass. 136, 139. See *Commonwealth* v. *Alger*, 7 Cush. 53, 84–85.

It is held generally at common law that public officers may legally enter upon land privately owned when necessary to carry out their official duties. Instances in point are entry by commissioners to survey the bounds of a public landing place, by selectmen to run boundary lines and renew marks, and by county commissioners to view and survey proposed highways. *Winslow* v. *Gifford*, 6 Cush. 327. Lawful entry may be made "to save goods which are in jeopardy of being lost or destroyed by water, fire, or any

like danger" (*Proctor* v. *Adams*, 113 Mass. 376, 378), to prevent the spread of fire (*Taylor* v. *Plymouth*, 8 Met. 462, 465, *Metallic Compression Casting Co.* v. *Fitchburg Railroad*, 109 Mass. 277, *Hyde Park* v. *Gay*, 120 Mass. 589, 593), and to make arrests (*Barnard* v. *Bartlett*, 10 Cush. 501, *Commonwealth* v. *Irwin*, 1 Allen, 587, 589–590, *Commonwealth* v. *Reynolds*, 120 Mass. 190, 196, *Blatt* v. *McBarron*, 161 Mass. 21, 22). A police officer who enters upon private premises in good faith in the performance of his official duty to protect life and property and to preserve the peace is not a trespasser. *Parker* v. *Barnard*, 135 Mass. 116, 117. *Wynn* v. *Sullivan*, 294 Mass. 562, 564. The Legislature has frequently exercised its police power by expressly authorizing entry upon private land in aid of law enforcement. See G. L. (Ter. Ed.) c. 94, §§ 35, 60 (to inspect milk and milk products); G. L. (Ter. Ed.) c. 111, § 9 (to inspect food and drugs); G. L. (Ter. Ed.) c. 148, §§ 4, 5 (to inspect fire hazards); G. L. (Ter. Ed.) c. 129, § 7 (to inspect animals); G. L. (Ter. Ed.) c. 159, § 27 (to inspect premises of a common carrier); G. L. (Ter. Ed.) c. 138, § 63, as appearing in St. 1936, c. 368, § 13 (to inspect premises licensed to sell alcoholic liquors); G. L. (Ter. Ed.) c. 140, § 201 (to inspect premises of a common victualler and other licensed premises). The plaintiff's contention that the statutes under which the defendant justifies his entry upon her land constitute a violation of arts. 1 and 12 of the Declaration of Rights and the Fourteenth Amendment to the Constitution of the United States cannot be sustained. See Restatement: Torts, § 211.

It appears from the findings of the auditor that the defendant entered the premises to investigate suspected illegal activities relating to the taking of shellfish in the vicinity, a purpose within the scope of his duties as law enforcement officer for the department of natural resources. G. L. (Ter. Ed.) c. 21, § 1, as appearing in St. 1953, c. 631, § 1. His original entry being lawful there was nothing in his subsequent conduct which served to make him a trespasser ab initio. See *Rowley* v. *Rice*, 11 Met. 337; *Malcom* v.

*Spoor,* 12 Met. 279. The employment of an automobile was not as matter of law in excess of the granted authority. It was part of the equipment furnished by the department and its use could in the circumstances be found to have been reasonably necessary to effect the purpose of the entry. See *Metallic Compression Casting Co.* v. *Fitchburg Railroad,* 109 Mass. 277; *Hyde Park* v. *Gay,* 120 Mass. 589. The automobile in the present case was on the plaintiff's property only temporarily and caused no damage.

*Order for judgment affirmed.*