NUGER SALES & SERVICE, INC. *vs.* PIONEER CREDIT CORPORATION.

Hampden.    December 7, 1962. — December 19, 1962.

Present: WILKINS, C.J., CUTTER, KIRK, SPIEGEL, & REARDON, JJ.

*Practice, Civil,* Action transferred to District Court, Motion for judgment.

A trial on the merits is afforded upon retransfer of an action to the Superior Court after trial in a District Court following transfer thereto from the Superior Court pursuant to G. L. c. 231, § 102C, and it was error on retransfer of an action for a judge of the Superior Court to allow a motion for judgment based solely on the decision of the judge of the District Court.

CONTRACT.    Writ in the Superior Court dated April 18, 1960.

Following transfer to the District Court of Southern Berkshire and retransfer to the Superior Court, a motion for judgment was allowed by *O'Brien,* J.

*Andrew T. Campoli,* for the defendant, submitted a brief.

No argument nor brief for the plaintiff.

WILKINS, C.J.    In this action of contract returnable in the Superior Court for Hampden County on the first Monday of June, 1960, the date of the writ was April 18, 1960, and the ad damnum $2,000. On November 21, 1960, the case was transferred for trial to the District Court for Southern Berkshire. G. L. c. 231, § 102C (as amended through St. 1960, c. 303). See *Lubell* v. *First Natl. Stores, Inc.* 342 Mass. 161; *S. Albertson Co. Inc.* v. *Great No. Ry.* 342 Mass. 326. After a trial on the merits the District

Nuger Sales & Service, Inc. *v.* Pioneer Credit Corp.

Court judge, on February 21, 1961, filed a decision in which he found for the plaintiff in the sum of $815 with interest and costs. On February 28, 1961, the defendant requested retransfer of the case to the Superior Court pursuant to § 102C, and later received notice from the clerk that the decision of the District Court judge had been received on March 10, 1961. On October 9, 1961, the plaintiff filed a motion for judgment on the finding, the motion being based solely on the decision of the District Court judge. Subsequently, the defendant's counsel received notice that the motion had been allowed in his absence on December 21, 1961. The defendant excepted.

Section 102C[1] provides in part: "The [District Court] justice shall file a written decision or finding with the clerk who shall forthwith notify the parties or counsel of record. Any party to the action aggrieved by the finding or decision may as of right have the case retransferred for determination by the superior court. The request for retransfer shall be filed with the clerk of said district court within ten days after notice of the decision or finding. . . . Upon the filing with the clerk of a request for retransfer, the decision or finding shall be forthwith transmitted, with any original papers received from the superior court and any original papers filed in the district court after transfer of the case by the superior court, to the clerk of the superior court of the county from which the case was referred. The clerk of the superior court shall forthwith notify the parties or counsel of record of the receipt and filing of said finding or decision. The action shall thereafter be tried in the superior court."

The allowance of the motion for judgment was error. The statute gives the defendant, upon retransfer, the right to a trial in the Superior Court. This means a trial on the merits, not a routine allowance of a motion for judgment on the finding of the District Court judge.

*Exceptions sustained.*

---

[1] See subsequent, immaterial amendment in St. 1962, c. 305.