JOHN SILK *vs.* EVERETT NATIONAL BANK.

Middlesex.    December 4, 1962. — January 3, 1963.

Present: WILKINS, C.J., WHITTEMORE, CUTTER, KIRK, & SPIEGEL, JJ.

*Landlord and Tenant*, Assignment of lease.   *Option.   Practice, Civil*, Order for judgment, Appeal.

A general finding by a judge of the Superior Court in an action heard on a case stated was in effect an order for judgment from which an appeal to this court lay under G. L. c. 231, § 96.   [277–278]

Where a lessee of premises, upon obtaining a loan from a bank, delivered to it, with other documents, an assignment of the lease containing a provision that the assignment should "become complete, effective and binding only upon acceptance on behalf of . . . [the bank] by one of its officers and the date of acceptance shall be conclusively accepted as the date inserted hereon by such officer," and at the end a recital "Accepted by . . . [name of the bank] this . . . day of . . . ," in which the date was never filled in, the assignment did not become binding on the bank, and it did not become liable as assignee to the lessor for unpaid rent, although the assignment also contained a provision that it was "complete, effective, binding and irrevocable" as to the lessee. [278–279]

CONTRACT.   Writ in the Superior Court dated July 12, 1960.

The action was heard by *Thompson*, J.

*David Cohen (Irving L. Stackpole* with him) for the plaintiff.

*Robert F. Waldner* for the defendant.

WILKINS, C.J.   This action of contract for rent by the owner of leased premises is brought on the theory that the defendant bank has become assignee of the lessee.   The declaration contains allegations that the plaintiff made a written lease of premises at 581 Mystic Avenue, Somerville, to Savino A. Ferrante, doing business as Aster Chair Co., for a term of twelve months from June 25, 1959, at a monthly rental of $400; and that the lessee assigned the lease to the defendant.   The case was heard upon a case stated.   The record contains the plaintiff's appeal from "finding of court

for defendant" but contains no finding. The docket shows an entry, "Court find[s] for defendant." This general finding was in effect an order for judgment from which an appeal lies under G. L. (Ter. Ed.) c. 231, § 96. *National Cash Register Co.* v. *Warner,* 335 Mass. 736. *Thurlow* v. *Crossman,* 336 Mass. 248, 250. *United States Plywood Corp.* v. *Pioneer Display Co.* 343 Mass. 150.

On August 18, 1959, the lessee obtained a loan from, and delivered six papers to, the defendant bank: (1) a promissory note; (2) a chattel mortgage; (3) an "assignment of lease"; (4) lessee's copy of the lease; (5) a "grant of rights," so called; and (6) an agreement by the lessee not to assign accounts receivable or deplete inventory. Rent from February 24, 1960, in the amount of $1,773.33 has not been paid.

The case stated recites that the only question for the court is whether under the "assignment of lease" the bank became liable for rent as of August 18, 1959.

The plaintiff relies upon *Dunlap* v. *Bullard,* 131 Mass. 161, and argues that, since the defendant took the whole of the unexpired leasehold estate, it is liable as assignee. This principle is not here doubted. See Am. Law of Property, §§ 3.56, 3.57. We think, however, that it has no present application because of the wording of the "assignment of lease." In it a sentence reads, "This assignment is to become complete, effective and binding only upon acceptance on behalf of Everett National Bank by one of its officers and the date of acceptance shall be conclusively accepted as the date inserted hereon by such officer." At the end of the document below the signature of the lessee appears the following phrase with unfilled blanks: "Accepted by Everett National Bank . . . this . . . day of . . .." The document "should be construed so as to give it effect as a rational business instrument and in a manner which will effectuate the intent of the parties." *New York Cent. R.R.* v. *New England Merchants Natl. Bank,* 344 Mass. 709, 714. *McMahon* v. *Monarch Life Ins. Co., ante,* 261, 264. We are of opinion that as a matter of construction the quoted

sentence refers to and imposes as a condition precedent to the effectiveness of the assignment the filling of the blanks at the foot of the document by a bank officer. Without it the agreement would not be "complete, effective and binding."

This conclusion is not affected by the presence of another sentence which reads, "This assignment is complete, effective, binding and irrevocable on behalf of Savino A. Ferrante and no notice need be given him upon acceptance by Everett National Bank nor shall he in any way hinder, deny or interfere with Everett National Bank's rights or interest hereunder." The net effect of the "assignment of lease" is that the bank, which has lent the money, has been given an option to accept an assignment of the lease as security upon completing the instrument.

The plaintiff is looking for a windfall. What his argument means is that the bank in attempting to secure its loan overreached itself and, in effect, gratuitously underwrote the lessee's obligations to the plaintiff. Such, in our opinion, would not be a reasonable interpretation to place upon this business transaction and the method and language used to achieve its purpose.

*Order for judgment affirmed.*