*Southern District*

# JOHN H. NESSON

v.

# EDWARD GILMAN and BERNICE GILMAN

Argued: ——————. Decided: Nov. 12, 1969.

*Present:* Nash, C.J., Cox, Lee, JJ.

Case tried to *Tamkin, J.,* in the Second District Court of Plymouth. No. 39414.

*Lee, J.* This is an action of contract commenced by writ dated August 24, 1965 and entered on September 13, 1965 in which the plaintiff seeks to recover in Count 1 against the defendant Edward Gilman (Edward) for dental services provided by the plaintiff from January 22, 1959 to February 26, 1960 to Edward's wife, Bernice Gilman (Bernice) and in

Count 2 against defendant Bernice for the same dental services.

The answer of defendant Edward is a general denial, payment, statute of limitations, res judicata and a denial of liability for any services to defendant Bernice.

The original answer of defendant Bernice is a general denial, payment, statute of limitations, unskillful performance by the plaintiff and recoupment.

The court entered a finding for both defendants.

The action was on the trial list on May 3, 1968 and all parties with their counsel were present and answered the call of the list that they were ready for trial. When the case was reached for trial the plaintiff and both defendants were sworn as witnesses before the trial justice. There were on file two certified copies of a transcript of the docket entries in an action in the Superior Court for Suffolk County bearing docket number 549928 which counsel for the parties had previously submitted to the trial justice. This transcript showed the following facts that are now material:

On June 1, 1960 the plaintiff commenced an action against both defendants which was entered in the Municipal Court of the City of Boston on June 25, 1960 to recover for the same dental services provided to defendant Bernice as are involved in the instant action. The Municipal Court action

was removed by both defendants to the Superior Court for Suffolk County on July 7, 1960. On October 28, 1960 the action was transferred to the Municipal Court of the City of Boston under the Acts of 1958, c. 369, G.L. c. 231, § 102C. The action was tried and on May 17, 1961 the Municipal Court entered a finding for the plaintiff against defendant Bernice on the declaration, and a finding in favor of defendant Edward. The plaintiff and defendant Bernice both filed seasonable requests for re-transfer to the Superior Court. In that court in 1964 the action was marked inactive under rule 85. On June 3, 1965 an entry was made on the docket reading as follows: "Dismissed — Judgment — Rule 85."

The trial justice in the District Court then allowed, by consent of counsel for plaintiff, a motion by defendant Bernice to amend her original answer by adding the defense of *res judicata.* No witnesses testified or were heard. The only evidence before that court were the transcript of the Suffolk Superior Court docket entries no. 549928, a certified copy of the plaintiff's amended declaration in the Suffolk Superior Court aforesaid, and a certificate of judgment from the Suffolk Superior Court, which showed the action was dismissed on June 3, 1965 as inactive.

The dismissal was followed by the present

action between the same parties and for the same cause, namely, dental services. Because of the trial justice and the finding of the justice of the Boston Municipal Court, the Justice in the present case sustained the defense of *res judicata*. This, we think, was error.

The trial before the Boston Municipal Court and the findings which the justice of that court made did not go as far as judgment. His finding was only an order for judgment. *J. D. Ahern Co.* v. *Acton*, 340 Mass. 355; *Turlow* v. *Crossman*, 336 Mass. 248, 250. Before the case would in ordinary course have gone to judgment, both parties requested a re-transfer to the Superior Court. This was a right granted by G.L. c. 231, § 102C. See *Nuger Sales and Service, Inc.* v. *Pioneer Credit Corp.*, 345 Mass. 249, 250.

While a dismissal of a case for want of prosecution is a final judgment under a rule of the Superior Court, unless vacated by order of the Court, *it is not an adjudication of the merits of the controversy and it does not give rise to the defense of res judicata when another action is brought for the same cause. Farnum* v. *Brady*, 269 Mass. 53 at 55. *Pontiff* v. *Alexander*, 320 Mass. 514 at 516. *Hacker* v. *Peck*, 325 Mass. 594. See also A.L.R. 2d 473-512.

We think this states the law applicable to the case before us. Judgment was not ordered on the merits either by the Boston Municipal Court or by the Superior Court. It did not adjudicate

any of the issues presented in the first action and therefore does not bar the present action which is for the same case between the parties. *Curley* v. *Curley,* 311 Mass. 61, 66.

*The finding for the defendants is vacated and a trial of the action on the merits is ordered.*

JAMES E. ELLIS

of Boston for the plaintiff

POSTER, WILINSKY, GOLDSTEIN, BURKIN & WENNETT

of Boston for the defendants.