*Municipal Court of the*
*City of Boston*

No. T 23685

**LEONARD J. SALTER, TRUSTEE IN BANKRUPTCY OF THE ESTATE OF NICHOLAS J. GIGLIELLO, d/b/a**

**v.**

**MARGARET C. SCOTT, ADMINISTRATRIX OF THE ESTATE OF JOHN CAPOBIANCO WHITEHEAD REALTY CORPORATION UNITED STATES TRUST COMPANY**

Argued: May 12, 1972   Decided: May 23, 1972

*Present:* Adlow, C. J., Gillen, Morrissey, J. J.

Case tried to *DeGugliano, J.*

**Adlow, C. J.** This is an action of contract in which plaintiff seeks an entry of judgment against defendant after trial and after expiration of appeal rights.

The action commenced in April 1966. The *ad damnum* was $2,500. On April 22, 1969, the action was consolidated in the Superior Court with another action between the same parties. In 1970, the instant action was sent back to the Boston Municipal Court as a remand

case and was tried on October 18, 1971 and on October 21, 1971. A finding was entered in favor of the plaintiff for $1,296. On October 28, 1971, at the defendants request, the case was retransferred to the Superior Court for a new trial, under the provisions of G.L. c. 231, § 102C as amended. The plaintiff filed a motion in the Superior Court ''To Retransfer (the case) To The Boston Municipal Court For The Entry of Judgment''. After arguments, the motion was allowed by the Superior Court on November 18, 1971. On December 4, 1971, an order was entered in the Superior Court ordering the case transferred back to the Boston Municipal Court ''For The. Entry of Judgment''.

Upon return of the case to the Boston Municipal Court, the plaintiff filed a motion for the ''Immediate Entry of Judgment,'' which was heard in the Boston Municipal Court on January 7, 1972. On February 4, 1972, the court ruled that it lacked jurisdiction to decide the plaintiff's motion. The plaintiff claims to be aggrieved by this ruling.

At the outset we must consider whether the court had the power to comply with the plaintiff's motion. The validity of proceeding before any court is predicated on its jurisdiction. *Washburn* v. *Phillips,* 2 Met. 296.

Courts which are created by written law, and whose jurisdiction is defined by written law, are limited by the language of the Act

which confers the jurisdiction. *Ex Parte Ball-man and Swartout,* 4 Cranch (U.S.) 75-137.

Let us consider the issue in the light of these basic premises.

From the docket, which is part of the Report, it appears that there were two actions: one in the Municipal Court of the City of Boston brought in April 1966, in which Gigliello sued Capobianco for $2,500; the other in the Superior Court on the same transaction in which Capobianco sued Gigliello. In March 1969 these actions were consolidated in the Superior Court in accordance with G.L. c. 223, § 2B. In May 1970 the consolidated cases were remanded to the Municipal Court of the City of Boston under the provisions of G.L. c. 231, § 102C (popularly referred to as the "Remand Statute"). Shortly thereafter, Capobianco's case in the Superior Court was stayed by reason of Gigliello's bankruptcy. Gigliello's case against Capobianco in the Municipal Court was prosecuted by Gigliello's Trustee in Bankruptcy, and on October 18, 1971, after trial, a finding was entered against Capobianco in the amount of $1,296.00. The defendant (Estate of Capobianco) removed the case to the Superior Court under the provisions of G.L. c. 231, § 102C and filed a jury caim.

After the case had been retransferred to the Superior Court, and a jury claim duly filed, the plaintiff moved in the Superior Court to have the matter returned to the Municipal

Court of Boston for entry of judgment. After hearing in the Superior Court the motion was allowed and the cause was returned to the Municipal Court of Boston for "Entry of Judgment". In the Municipal Court the motion for judgment was denied for the reason that the court had no jurisdiction.

It is urged by the plaintiff that the rights of the defendant must be evaluated in the context of the provisions of G.L. c. 231, § 104. This provision applied to the removal of causes that are brought in the Municipal Court and are removed for purposes of enabling the defendant to secure a jury trial. It is conceded that when originally brought Capobianco (the defendant) *did not seek a jury trial.* However, the case of *Gigliello* v. *Capobianco* was transferred to the Superior Court in March 1969 under a motion to consolidate, in accordance with the provisions of G.L. c. 223, § 2B. The cross actions were thereby merged into one proceeding and given the Superior Court number 643163. In thus consolidating the actions the case originally brought in the Municipal Court lost its character as such and by reason of G.L. c. 223, § 2C was to be treated as though originally entered in the Superior Court. In view of this express statutory enactment, the provisions of G.L. c. 231, § 104 are irrelevant to the issue.

It is provided by G.L. c. 231, § 102C that "Any party to the transferred action ag-

grieved by the finding or decision may as of right have the case retransferred for determination by the Superior Court. . ." Later in the section it is provided "The action shall thereafter be tried in the Superior Court."

Clearly the jurisdiction over the cause is vested in the Superior Court. Under these circumstances the defendant is within his rights in insisting on a retrial of the issue in the Superior Court. The proceedings in the Superior Court, which resulted in the retransfer of the case to the Municipal Court of Boston, were void and without effect. There is no statutory provision authorizing such retransfer. A Court which is without jurisdiction cannot decide a matter authoritatively and as a court. *Humphrey's Case*, 226 Mass. 143.

In the cause under review the court properly ruled that it was *coram non judice*.

See also *Nuger Sales & Serv. Inc.* v. *Pioneer Credit Corp.*, 345 Mass. 249.

**Report dismissed.**

PETER J. GAGNE
of Boston for the plaintiff Salter.
JOSEPH E. MARINO
of Boston for the defendant Scott.