NAUTICAN REALTY COMPANY, INC. *vs.* NANTUCKET SHIPYARD, INC. No. 88-P-869. November 7, 1989. *Landlord and Tenant,* Termination of tenancy, Waste. *Practice, Civil,* Transfer of action to Superior Court.

In 1968 Nautican Realty Co. (lessor) granted the defendant a long-term lease (fifty years counting options to extend) of a shipyard with terms that required the defendant to keep the yard and its structures in good repair and to replace existing structures as necessary. Claiming unchecked deterioration and deliberate acts threatening the structural integrity of the principal bulkhead and pier, the lessor twice sent letters to the defendant indicating its intention to terminate the lease if the problems were not remedied. On March 5, 1984, the lessor commenced a summary process action in Nantucket District Court seeking recovery of the premises. While that action was pending, the lessor filed an action in the Superior Court to enjoin certain uses that allegedly overloaded the structures. This action was amended to request a determination that the tenant had committed waste of the property and that the tenancy under the lease was terminated. The summary process action was then ordered transferred to the Superior Court where the cases were consolidated for trial. After trial, the court entered a judgment for possession in the summary process action and a declaration in the equity proceeding to the effect that the defendant had committed a breach of the lease as well as waste of the premises. The lessee has appealed.

1. The transfer and consolidation of the actions were proper. The Superior Court has extensive powers with regard to the consolidation and transfer of cases, *Lumiansky* v. *Tessier*, 213 Mass. 182, 187-189 (1912), and specific authorization for such a transfer is provided by statute. G. L. c. 223, § 2B, as amended by St. 1945, c. 373, § 1. See 20th Report of the Judicial Council, Pub.Doc. No. 144 (1944), reprinted at 29 Mass. L.Q., No. 4, at 14 (1944). That section is not affected by the provision in G. L. c. 231, § 103, exempting summary process actions from the general removal statutes. Rule 29(5)(a) of the Superior Court (1974), even where it applies, is not intended to deprive the Superior Court of the authority to entertain an action removed by it under G. L. c. 223, § 2B.

2. We assume, without deciding, that under G. L. c. 239, § 1, the summary process action could not properly be maintained until the landlord had terminated the lease in the manner. (entry) provided in the lease. See *Ratner* v. *Hogan*, 251 Mass. 163, 165 (1925); *Shannon* v. *Jacobson*, 262 Mass. 463, 468 (1928); *Realty Developing Co.* v. *Wakefield Ready-Mixed Concrete Co.*, 327 Mass. 535, 537 (1951). It does not follow that the landlord is not now entitled to recover possession. General Laws c. 184, § 18, permits recovery of possession by summary process or "such other proceedings authorized by law." General Laws c. 242, § 1, expressly authorizes recovery of possession when a tenant for years is found to have committed waste. Prior termination of the tenancy is not prerequisite to maintaining the action. Compare *Thayer* v. *Shorey*, 287 Mass. 76, 79 (1934). Contrast *Bech* v. *Cuevas*, 404 Mass. 249 (1989), which held that, under G. L. c. 186, § 12, a tenancy at will must be terminated by a notice to quit prior to commencing a summary process action although that action was based on

waste. General Laws c. 186, § 12, does not apply to a tenancy for years; and, as G. L. c. 242, § 1, applies only to tenancies for years, for life, or in dower, it had no application to at will tenancies such as that in *Bech*.

On the evidence in this case the judge could properly find that the defendant was guilty of "an unreasonable or improper use, abuse, mismanagement or omission of duty touching real estate by one rightfully in possession which result[ed] in its substantial injury." *Delano v. Smith*, 206 Mass. 365, 370 (1910). And, while it is true that equity does not favor forfeiture of leases, the judge could properly conclude in this case that the conduct of the defendant, particularly in neglecting to make repairs even after these actions had been pending for three years, was "such as not to commend itself to a court of equity." *Eno Sys. v. Eno*, 311 Mass. 334, 338 (1942). See also cases therein cited.

3. It follows that the lessor was entitled to recover possession in the equity proceeding and that the summary process proceeding may be treated as superfluous. The judgment in the equity proceeding is to be amended to award possession to the lessor. The judgment in the summary process action is to be vacated and a new judgment entered dismissing the action on the ground of mootness.

*So ordered.*

*John T. Harding, Jr.* (*Michael J. Liston* with him) for the defendant.
*John C. Corrigan, Jr.* (*Kenneth L. Sullivan* with him) for the plaintiff.