Coven, J.
This is a summary process action to recover possession of commercial premises and unpaid rent. Judgment was entered for the plaintiff, and the defendant has appealed pursuant to Dist./Mun. Cts. R. A. D. A, Rule 8C.
The record indicates that on December 7,1990, the Commonwealth of Massachusetts, acting through its Division of Capital Planning and Operations (“DCPO”), made a taking by eminent domain of property in Lowell, Massachusetts which included the commercial premises leased by the defendant at 12-14 *201 Perkins Street. On December 18, 1990, the Deputy Commissioner of the DCPO gave written notice to the defendant of the taking, and of its 120 day deadline for vacating the premises and removing its personal property. The letter further provided for an extension of time if a move within 120 days would be “too disruptive” and a mutual agreement could be reached.
The Commonwealth appointed the University of Lowell Research Foundation (“the Foundation”) as its agent, and the Executive Director of the Foundation, Edward Miller, advised the defendant of the agency relationship by letter dated December 17,1990. The defendant received a second letter from the Foundation on January 30,1991, in which Director Miller explained the Commonwealth’s obligations to the defendant for relocation benefits, demanded payment of overdue rent, and warned that relocation benefits would be reduced by the amount of unpaid rent.
For more than six years, the Foundation then regularly sent bills to the defendant for use and occupation of the property. The defendant, in turn, submitted payments to the Foundation in the form of checks payable to the “University of Lowell Research Foundation.” However, the defendant’s payments fell into arrears, and written notice was issued by the DCPO that the defendant would have to move ahead with its business relocation and that eviction proceedings would be brought if the defendant failed to make efforts to resolve the problem of its unpaid charges with Foundation Director Miller.
The defendant never relocated. It did send a letter to the Foundation stating its intention to make monthly payments to the Foundation in the amount of the current month’s rent plus $1,000.00. Those payments were made through April 1, 1997. The payments due in May, June and July were not, however, made on time and a Notice to Quit was served on July 3,1997.
On July 25, 1997, the Foundation commenced this action for possession and unpaid rent.[2] The defendant’s answer denied that any rent was owed, and alleged as grounds for dismissal of the action that the Foundation was not a proper party plaintiff. At the conclusion of trial, the defendant renewed its motion to dismiss.[3]
The trial court made a finding for the Foundation, and entered judgment in its favor for both possession and $69,499.96 in damages for unpaid rent upon the Foundation’s account annexed.
1. The defendant’s principal contention is that it was entitled to dismissal because this action for eviction was not commenced by and in the name of the Commonwealth of Massachusetts, the owner of the commercial property in question. We disagree.
Pursuant to Mass. R. Civ. P, Rule 17 (a), every action must be “prosecuted in the name of the real party in interest.” The purpose of the Rule is to “assure that a defendant is only required to defend an action brought by a proper plaintiff and that such an action must be defended only once.” Massachusetts Assoc. of Indep. Ins. Agents & Brokers, Inc. v. Commissioner of Ins., 373 Mass. 290, 297 (1977). Rule *202 17(a) not only protects a defendant from the harassment of successive suits by plaintiffs who do not have the power to make final and/or binding decisions as to the prosecution, compromise and settlement of the matter in dispute, but also conserves judicial resources by eliminating multiplicity of suits. Corcoran v. Healey, 1981 Mass. App. Div. 83, 85-86.
Dismissal under Rule 17(a), however, is not required “where there are no allegations of unfair surprise or prejudice” and where there is sufficient reason to view the named plaintiff as a proper party. Lancaster v. General Accid. Ins. Co., 32 Mass. App. Ct. 925, 927 (1992). See also Mellinger v. West Springfield, 401 Mass. 188, 194 (1987). In the instant case, the Commonwealth appointed the Foundation as its agent, vesting it with the authority to maintain the property and to handle all leasing and financial arrangements for the same. So authorized by the owner and responsible for the property’s management, the Foundation was clearly a proper party to institute eviction proceedings against a defaulting tenant. As a practical matter, the scope of the real party in interest in summary process cases has been expanded. Such actions are frequently brought by management companies or agents rather than by the actual owner of the real estate. Where such agents clearly derive their authority from the owner or landlord, they are typically permitted to commence and prosecute eviction actions. See, e.g., Miller v. Rent Control Brd. of Cambridge, 31 Mass. App. Ct. 91, 92 n. 2 (1991); Corcoran Mgm. Co. v. Withers, 24 Mass. App. Ct. 736, 737 n. 1 (1987).
Moreover, the defendant cannot claim any unfair surprise in being compelled to answer a suit brought by the Foundation. The defendant was notified within ten days of the eminent domain order that the Foundation had been appointed as the Commonwealth’s agent. For the ensuing six years, the defendant received bills from the Foundation, made payments to the Foundation, addressed its communications about occupancy and rent to the Foundation and thus demonstrated its acknowledgment and acceptance of the Foundation’s authority and role with respect to tire Commonwealth’s property.
2. The defendant nevertheless contends that it has been prejudiced by the Foundation’s commencement of this suit because it was unable to file a counterclaim for G.Lc. 79A damages, a claim which could only be brought against the Commonwealth itself.
It is true that no such claim could have been filed in this District Court action. Section 3 of G.L.c. 79A obligates any public authority in an eminent domain proceeding to provide “relocation assistance and payments” to any displaced occupant of the seized property. Pursuant to G.L.c. 79, §14, any claim for such relocation damages is within the exclusive jurisdiction of the Superior Court.
Contrary to the defendant’s argument, however, its inability to file a counterclaim for relocation payments in this District Court summary process action did not result in any form of unfair prejudice entitling the defendant to the postponement, much less the dismissal, of the Foundation’s action. First, the defendant has not demonstrated that it has a present claim for relocation payments. Section 7 of G.Lc. 79A limits the right to such payments to a “displaced person” who, pursuant to §1, is one who “moves from” or “moves his personal property" from real estate taken by eminent domain. The defendant remains on the premises.
Second, the judgment for the Foundation and the conclusion of this summary process case in no way prevents the defendant from proceeding, now or in the future, against the Commonwealth in the Superior Court for any G.Lcc. 79, 79A relocation payments to which it can prove it is entitled. Section 8A of G.Lc. 239 permits, but does not require, a tenant to file a counterclaim in a summary process action. See Mulvanity v. Pelletier, 40 Mass. App. Ct. 106, 109 (1996); Hunters Brook Realty Trust v. Sampson, 1980 Mass. App. Div. 57, 58. Uniform Summary Process Rule 5 expressly provides that summary process counterclaims are permissive *203 rather than mandatory in the sense that such claims “shall not be considered waived for the purpose of a separate civil action or actions if not asserted in a summary process action.” Moreover, the Commonwealth would be bound in any future Superior Court proceeding, on the basis of both its agency relationship with the Foundation and general principles of issue preclusion, by the court’s determination in this case of the amount of unpaid rent owed by the defendant. The defendant would not be compelled, and indeed would not be able, to relitigate that issue. The Commonwealth would, of course, be able to reduce any relocation benefits awarded to the defendant by the amount of any unpaid portion of this judgment against the defendant for rent owed.[4]
Accordingly, the trial court’s judgment for the Foundation is affirmed. The defendant’s appeal is dismissed.
So ordered.

 Both the notice to quit and the complaint were brought by “University of Lowell Research Foundation, Agent for Commonwealth of Massachusetts, Executive Office for Administration and Finance, Division of Capital Planning and Operations.”

 The defendant also argued that no rent was owed and that the Foundation’s 14 day notice to quit was thus inadequate. The latter issue was entirely omitted from the defendant’s brief. The two-sentence conclusory statement, devoid of citation, that the evidence established the lack of any unpaid rent did not rise to the level of appellate argument. Therefore, we do not address either issue. Dist./Mun. Cts. R. A D. A., Rule 16(a) (4). See King v. Driscoll, 418 Mass. 576, 585 n. 8 (1994); Montello v. Smith, 1998 Mass. App. Div. 43, 45.

 There is no merit to the defendant’s curious suggestion that because it is, or will be, entitled to relocation payments at some point when it moves from the premises, it has no present obligation for unpaid rent, the amount of which could be deducted from the relocation payments. The defendant was obviously obligated to pay monthly rent or use and occupancy charges contemporaneously with its actual use and occupation of the premises. It is now clearly liable for arrearages and judgment was appropriately entered against it in this case. The fact that the Commonwealth will have the right to reduce any relocation benefits it would otherwise have provided to the defendant by the amount of the defendant’s unpaid rent in no way suspends or defers the defendant’s existing obligation.