McHugh, J.
This case originally was filed in Superior Court. After it had been pending here for some period of time, plaintiff agreed to dismiss certain counts the complaint contained. Defendant then moved for summary judgment as to the three remaining counts. That motion was granted in part and denied in part. Surviving were claims under G.L.c. 93A and for assault. Those claims were transferred for trial to District Court and the subsequent trial produced a finding for the defendant. Plaintiff, pursuant to G.L.c. 231, §102C then retransferred the action to Superior Court.
Now, defendant has again moved for summary judgment, claiming that the prima facie effect of the District Court finding is unrebutted and entitles it to judgment. Along with the District Court finding, defendant has filed a transcript of the District Court testimony and a copy of the opinion rendered by the District Court Judge at the trial’s conclusion. Plaintiff opposes defendant’s motion.
Before turning to the merits of defendant’s motion, it is necessary to clear away some underbrush. Plaintiffs strident memorandum of law concludes with a request that counsel for defendant be sanctioned under Mass.R.Civ.P. 11 for filing a motion and brief that are wholly and plainly improper. Plaintiffs brief, however, is filled with errors of law and the contention that defendant’s counsel should be sanctioned rests on a wholly faulty premise. Plaintiff contends, for example, that no reference may be made in the Superior Court to the District Court trial testimony. The Appeals Court, however, has suggested, albeit in a different context, that it may. Dwyer v. Piccicuto, 25 Mass.App.Ct. 910, 912 (1987). Plaintiff also contends that the principles expressed in the case of O’Brion, Russell & Co. v. LeMay, 370 Mass. 243 (1976), are inapplicable to this case because O’Brion involved a case commenced in the District Court — not in the Superior Court — and then transferred after trial to the Superior Court. But in Lewis v. Antelman, 10 Mass.App.Ct. 221, 224 (1980), a case started in the Superior Court, transferred for trial to the Boston Municipal Court and then retransferred to Superior Court under the provisions of G.L.c. 231, §102C, the Appeals’ Court cited O’Brion as controlling authority and based its conclusions on the principles O’Brion contained.[1] Finally, Plaintiff contends that a parly retransferring a case to Superior Court pursuant to G.L.c. 231, §102C has an absolute and unqualified right to a jury trial, citing as support for that proposition Nuger Sales & Service, Inc. v. Pioneer Credit Corp., 345 Mass. 249 (1962). Nuger, however, was decided twelve years before the current rules of civil procedure were adopted in Massachusetts and cannot possibly be read to suggest that the summary judgment provisions those Rules contain are inapplicable to retransferred cases. In short, the energy plaintiffs’ *209 counsel expended in fulminations would have been far better spent on some careful research.
Underbrush cleared, the principal issue in this case is whether a court considering a motion for summary judgment made after a case is retransferred pursuant to G.L.c. 231, §102C is limited to affidavits and other components of the record compiled after the District Court decision upon which the moving party bases its right to judgment or whether the court is permitted— and, indeed, required if directed by the motion’s opponent — to consider materials that were part of the record before the District Court trial. So far as I can tell, that is a question of first impression.
I am of the opinion the preexisting components of the record retain their viability as weapons with which to oppose the summary judgment motion. Surely, if plaintiffs met the defendant’s summary judgment motion with new affidavits containing information the plaintiffs had presented through testimony during the District Court trial, the content of the affidavits and not the District Court’s rejection of those contents would be controlling for purposes of deciding the summary judgment motion in Superior Court. That being the case, it matters little whether the affidavits are filed in the Superior Court before or after the case is transferred to, and tried in, the District Court. What matters is whether, on the whole record, there is a genuine issue of material fact, not when the components of the record were compiled or what a fact finder other than the jury may think about the weight and value those components should have in deciding upon the case’s proper resolution.
Here, the portions of the record that required denial of defendant’s motion for summary judgment with respect to the claim under G.L.c. 93A and the claim for assault when that motion was made before transfer to the District Court remain in the record. Notwithstanding the District Court’s finding, their content compels denial of defendant’s motion again.
I recognize that the conclusion just stated may place additional and unwarranted burdens on parties to litigation and may further devalue District Court trials in transfer situations. If that consequence follows in some cases, it is further testament to the disutility of the procedures G.L.c. 231, §102C embodies. See generally Bender v. Automotive Specialties, Inc., 407 Mass. 31, 35-36 (1990). It is up to the Legislature to deal with that problem, however, not the court. Indeed, a legislative remedy has begun to emerge. See generally St. 1996, c. 358.
ORDER
In light of the foregoing, it is hereby ordered that defendant’s motion for summary judgment, should be, and hereby is, DENIED.

 Counsel for plaintiff cited the Lewis decision in its own brief for a different proposition and did not bother to discuss the case in connection with his erroneous argument regarding the reach of O’Brion even though defendant’s counsel had relied on it as supporting O’Brion’s applicability.