Merrick, P.J.
The defendant (“Tenanf) has appealed from a summary process judgment for possession of commercial premises utilized by the Tenant for her dental practice.
The Tenants assignor, also a dentist originally rented the office suite in question from the plaintiff’s (“Landlord’s”) predecessor under a written lease for a five year term ending July 31, 1989. The lease included an option to extend for one *118 additional five year term. Paragraph 22 stated that the extended term would be “upon the same terms and conditions” as the initial term, with “rent to be at the prevailing market rate.” Paragraph 22 further provided for arbitration in the event the parties could not agree on the rent amount for the extended term. The assignment of the lease to the Tenant, which was also signed by the Landlord’s predecessor, included the provisions of Paragraph 22.
On August 7,1989, the Landlord’s predecessor entered into an “Amendment to Lease” with the Tenant, which extended the lease for a five year period ending July 31,1994 with agreed upon increases in the rent In July, 1994, the Landlord and the Tenant executed a five year extension of the lease through July 31, 1999, which included an agreement as to rent for that term and an option to renew for the following five years.
In 1998, problems developed with a well which provided water to the premises, and the Tenant withheld some rent in response. Apart from the rent withheld during that one period (which was not agreed to by the Landlord), the Tenant continued paying rent in accordance with the lease.
In January, 1999, the Tenant gave written notice to the Landlord of her intent to renew the lease. The parties entered into negotiations about various terms of the lease, including the rent schedule, a further renewal option, leasehold improvements and the repayment in full of the withheld rent upon which the Landlord insisted. Although the parties had not reached an agreement, the Landlord sent a draft of a lease to the Tenant on July 13,1999.
On August 2,1999, the Tenant wrote that she needed time to review the draft and sent a check for the August rent in the amount proposed in the Landlord’s draft lease. On September 8, 1999, the Tenants lawyer forwarded a number of revisions and new provisions to which the Landlord had not agreed, and the Landlord withdrew its draft lease. The Tenant continued paying rent according to the schedule in the withdrawn draft lease.
In the meantime, the Tenant filed an action in the Superior Court in August of 2000 against the Landlord and others to recover damages for breach of contract[1] The Landlord filed a counterclaim seeking a declaration that the Tenant was a tenant at sufferance and damages for use and occupancy.
On January 8,2001, the Landlord gave the Tenant a notice to quit the premises by February 8,2001.
In May of 2001, the Landlord moved for summary judgment in the Superior Court on the ground that the Tenant was a tenant at sufferance. In a Memorandum and Order dated July 27,2001, a Superior Court judge allowed the motion in part, ruling that the Tenant was a tenant at sufferance. As to his reasoning, the judge incorporated by reference nine pages of the Landlord’s brief.
On August 27, 2001, the Landlord commenced this summary process action in the Natick District Court The trial was continued until October, 2001, apparently to see if the Superior Court judge would enter separate and find judgment under Mass. R Civ. E, Rule 54(b), as to the Tenant’s status. On September 26, 2001, the Superior Court judge entered a Rule 54(b) judgment declaring that the Tenant had been a tenant at sufferance since March 1, 2001. The Tenant has appealed that order to the Appeals Court
On the basis of the Superior Court order, the Landlord moved in the present action for summary judgment for possession both on the merits and, alternatively, on the ground of issue preclusion. The trial judge granted summary judgment for possession, and the Tenant filed this Dist/Mun. Cts. R A D. A., Rule 8C, appeal.
*119 1. The tenant argues that the summary process claim was a compulsory counterclaim which the Landlord was required to bring in Superior Court in response to the Tenants suit there and, therefore, that the claim cannot now be brought in District Court “Summary process is a ‘purely statutory procedure... and can be maintained only in the instances specifically provided for in the statute.’” Davis Investment Corp. v. Thayer Associates, Inc., 1999 Mass. App. Div. 202, 203, citing Nalbandian v. Patrizzi, 369 Mass. 477, 480 (1976). The provision of G.L.c. 239 and the Uniform Summary Process Rules governing the forms used, the timing and the methods of filing and service of a summary process action do not lend themselves to the prosecution of a summary process claim as a counterclaim under Mass. R Civ. E, Rule 13(a).
Counterclaims to a summary process complaint are always permissive. University of Lowell Research Foundation v. Classic Elite Yarns, Inc., 1998 Mass. App. Div. 200, 202-203. In summary process cases involving commercial property, the court has the discretion to dismiss or sever any counterclaim. Marrotto v. Naumann, 1999 Mass. App. Div. 35, 37 n.4, citing the Commentary to Uniform Summary Process Rule 5. Nothing in the letter or spirit of G.L.c. 239 or the Uniform Summary Process Rules suggests that the rule should he different when the tenant’s claims are brought first
It avails the Tenant nothing that a judge might well, in an appropriate circumstance, choose to consolidate a summary process claim with related civil claims. See Kobayashi v. Orion Ventures, Inc., 42 Mass. App. Ct. 492 (1997), rev. den., 425 Mass. 1102 (1997); Nautican Realty Co. v. Nantucket Shipyard, Inc., 28 Mass. App. Ct. 902 (1989), rev. den., 406 Mass. 1103 (1990); Holmes Realty Tr. v. Granite City Storage Co., 28 Mass. App. Ct. 272 (1988), rev. den., 401 Mass. 1105 (1988). There is no situation in which a judge would be obligated to consolidate a summary process case with a civil case involving similar issues.
2. As noted, the Landlord argued in the District Court that it was entitled to summary judgment on both the merits and the preclusive effect of the Superior Court’s ruling on the Tenant’s status. “It is well established that, on appeal, we may consider any ground apparent on the record that supports the result reached in the lower court” Gabbidon v. King, 414 Mass. 685, 686 (1993). We consider whether the Superior Court judgment has preclusive effect on the issue of the Tenants status after the effective date of the notice to quit
The doctrine of issue preclusion ‘prevents relitigation of an issue determined in an earlier action where the same issue arises in a later action, based on a different claim between the same parties or their privies.’ [citation omitted] It requires proof that ‘(1) there was a final judgment on the merits in the prior adjudication; (2) the party against whom estoppel is asserted was a party (or in privity with a party) to the prior adjudication; and (3) the issue in the prior adjudication is identical to the issue in the current adjudication. Additionally, the issue decided in the prior adjudication must have been essential to the earlier judgment’
Sarvis v. Boston Safe Deposit & Trust Co., 47 Mass. App. Ct. 86, 98-99 (1999). The Superior Court judgment that the Tenant was, as of March 1,2001, a tenant at sufferance resolved an issue identical to the one in this case. The parties were the same and the issue was essential to the earlier judgment
There is no merit in the Tenant’s argument that the judgment was not a “final judgment”
Factors supporting the conclusion that a decision is final for the purpose of preclusion are that the parties were fully heard, the judge’s decision is supported by a reasoned opinion, and the earlier opinion was subject to review or was in fact reviewed.
*120 Tausevich v. Board of Appeals of Stoughton, 402 Mass. 146, 149 (1988). The parties here were fully heard in the Superior Court, the forum chosen by the Tenant The issues were fully briefed according to copies of the motion and supporting arguments in the papers before us. The judge’s decision, while not lengthy, specified that his decision was that the Tenant was a tenant at sufferance on March 1,2001. That date had no significance other than the fact that it was the date after which the Landlord’s notice to quit took effect The judge additionally referred to and incorporated specific pages of reasoning in the Landlord’s motion. While we do not presume to review the Superior Court decision, it seems plain that the judge considered the Tenant to be a tenant at will after the lease expired and while the agreed rent was paid until that tenancy at will was terminated by the notice to quit Finally, the Superior Court decision was subject to appeal and was in fact appealed. The Supreme Judicial Court has ruled that the preclusive effect of a decision is not undermined by the fact that an appeal of the decision is pending. O’Brien v. Hanover Ins. Co., 427 Mass. 194, 200-201 (1998). Summary judgment for the Landlord is affirmed.
So ordered.

 The complaint originally included counts for breach of the covenant of quiet enjoyment fraud, intentional interference with advantageous business relations and violations of G.L c. 93A. Those claims were dismissed.