Greco, J.
This suit was commenced by United Health (“United”) as a small claims action, and was transferred to the regular civil docket on June 7, 2004. An amended complaint was filed at the time of transfer which continued to name “United Health” as the plaintiff. United Health alleged that defendant Commerce Insurance Company (“Commerce”) failed to pay it Personal Injury Protection (“PIP”) benefits for chiropractic services it provided to Masunda Bunda (“Bunda”), Commerce’s insured. See G.L.c. 90, §34M. On September 3, 2004, three months after the transfer of the case to the civil docket, Commerce moved for summary judgment on the grounds that no PIP benefits were owed and that, in any event, United Health lacked standing to bring suit because it was an unincorporated association rather than a corporation.
On October 13, 2004, Commerce served United Health with a request for admissions which clearly focused on United’s legal status; i.e., whether it was a Massachusetts corporation or an unincorporated association. In its November 12, 2004 response, United acknowledged that it was not a corporation, but maintained that it had standing to bring the action and was “an entity ‘doing business as’ an entity.” United made no reference, however, to any person doing business as an entity. A hearing on Commerce’s motion for summary judgment was held on November 22, 2004. On the day of the hearing, United filed both an opposition to Commerce’s Mass. R. Civ. R, Rule 56, motion and a motion to amend the complaint by changing the name of the plaintiff. In the proposed amended complaint, it was alleged that an individual named Peter Antonsen (“Antonsen”) did business as “United Health” and that he was the unpaid party to whom PIP benefits were owed. It was further alleged, however, that Antonsen had assigned his claim for those benefits to one Kristine Holmberg (“Holmberg”). Thus, the plaintiff named in the proposed amended complaint was “Kristine Holmberg, Assignee of Peter Antonsen, d/b/a United Health.” The complaint made no reference to a signed assignment and no such document was attached to it. Indeed, the only description of the two individuals was as follows: “The Plaintiff is Kristine Holmberg, Assignee of Peter Antonsen, d/b/a United Health, doing business at 122 Maple Avenue, Malden, Middlesex County, Massachusetts.” The caption of the proposed amended complaint, however, identified the assignor as “Peter Anderson” rather than Peter Antonsen.
Although United filed this appeal pursuant to Dist./Mun. Cts. R. A. D. A., Rule 8C, the record contains no transcript of the November 22, 2004 summary judg *116 ment hearing. The trial court docket indicates only that judgment was entered for Commerce “upon motion,” and makes no mention of any action on the motion to amend filed that day. However, the trial court clerk’s notice to the parties indicates that, after hearing, the plaintiffs motion to amend the complaint was denied and makes reference to the order of the court. The caption of that order identifies the plaintiff as “United Health” as opposed to the plaintiff (Holmberg) identified in the motion to amend filed on the date of the hearing. Moreover, the court’s order makes no reference to any action on the motion to amend, but states that summary judgment is being entered on Commerce’s behalf “as to all claims set forth in the Plaintiff’s Amended Complaint.” To add to the confusion, it is not clear whether the court was referring to the amended complaint filed when the case was transferred from the small claims docket, or whether the court was implicitly allowing the most recent motion to amend and was awarding summary judgment regardless of who was the plaintiff. In the 445-page record appendix presented to us, which is replete with inconsequential and repetitive materials and has an almost useless index, we are unable to locate any copy of the motion to amend endorsed by the trial court. While the issue is not free from all doubt, we resolve the ambiguities in the record by concluding that the court did, in fact, deny the motion to amend and allowed summary judgment against “United Health.” Our conclusion is based primarily on the notice to the parties, the caption on the court’s order, and, most importantly, the fact that both parties have argued on this appeal the issue of the propriety of the denial of the motion to amend.
1. In allowing Commerce’s summary judgment motion, the judge was not required to, and did not, make written conclusions of law. It is not clear, therefore, whether the judge determined that there were no genuine issues of material fact and that, as a matter of law, United’s claim was not for the fair and reasonable charges for medically necessary treatment; or whether the judge ruled that United was not a proper party to bring a G.L.c. 90, §34M claim. “It is well established that, on appeal, we may consider any ground apparent on the record that supports the result reached in the [trial] court.” Gabbidon v. King, 414 Mass. 685, 686 (1993). See also Fiske Capital Mgm. Co. v. Qureshi, 2002 Mass. App. Div. 117, 119. As it was undisputed that United Health was an unincorporated association, it is apparent on the record that summary judgment for Commerce was warranted on the ground that United Health was not a property party to bring this action. See Save the Bay, Inc. v. Department of Public Utilities, 366 Mass. 667, 675 (1975) (“It is a well-established principle that an unincorporated association cannot be a party to litigation.”). See also Sea Pines Condominium III Ass’n v. Steffens, 61 Mass. App. Ct. 838, 842 (2004). However, this rather straightforward conclusion does not end our inquiry, but only leads to the much thornier issue of whether the denial of the plaintiff’s motion to amend was error.
As stated in the 1973 Reporter’s Notes to Mass. R. Civ. R, Rule 15, the
right to amend as a matter of course should not extend beyond the granting of a motion to dismiss or a motion for summary judgment. Because the plaintiff, who has already had an opportunity to amend prior to the disposition of the motion, nonetheless chose to stand (unsuccessfully) on his original pleading, the defendant who successfully moved against such pleading should at the least be allowed to oppose the amendment.
In such situation, “[t]he decision whether to grant a motion to amend is within the discretion of the judge, but leave should be granted unless there are good reasons for denying the motion.” Mathis v. Massachusetts Elec. Co., 409 Mass. 256, 264 (1991). While in some circumstances a judge would be required to state his reasons for denying such a motion, in others sufficient justification may appear in the *117 record. See Castellucci v. United States Fidelity & Guaranty Co., 372 Mass. 288, 291 n.2 (1977). Specifically with respect to a motion to amend to add a real party in interest, the factors that “inform a decision to permit amendment and joinder” include:
(1) whether an honest mistake had been made in selecting the proper party; (2) whether joinder of the real party in interest has been requested within a reasonable time after the mistake was discovered; (3) whether joinder is necessary to avoid an injustice; and (4) whether join-der would prejudice the nonmoving party.
Berman v. Linnane, 434 Mass. 301, 304 (2001). We assume these factors would apply equally where the proposed amendment seeks to substitute a party.
In this case, while an honest mistake may have been made initially to bring the claim on behalf of United Health, plaintiffs counsel was alerted to that mistake by Commerce’s motion for summary judgment and subsequent request for admissions. Yet counsel took no remedial action and, instead, opposed summary judgment. Moreover, at the time of the summary judgment hearing, amendment of the complaint was not necessary to avoid an injustice. Over seven months remained before the applicable statute of limitations would have expired. It was plaintiff counsel’s decision to go through this much more cumbersome and, presumably, more expensive appellate process instead of simply filing a new action. In all probability, starting over was the more sensible course of action in view of the proposed amended complaint. That pleading did not merely substitute a party; it alleged that some individual was doing business as United Health and then, in turn, assigned the claim to another individual. The proposed amended complaint failed, however, to allege facts which showed the relationship between Antonsen and United Health and thus failed to demonstrate why the action against Commerce was his to assign. The proposed amended complaint failed even to allude to any documentation of an assignment. In these circumstances, the motion judge did not abuse his discretion in ruling, in effect, that the best course for the plaintiff was to get its ducks in order and begin anew. As noted, the plaintiff elected to appeal instead.
The entry of summary judgment for the defendant and the denial of the plaintiff’s motion to amend are affirmed. Appeal dismissed.
So ordered.