Ostrach, J.
This is an appeal of the involuntary dismissal, upon payment of sub *195 stantial costs, of a spin-off of a larger case still pending in the Superior Court Department As the Superior Court issued a G.L.c. 223, §2B order for the consolidation and transfer of this District Court action, the District Court’s rulings made subsequent to that order must be vacated, and the case must be returned to the District Court with instructions to transfer the case immediately to the Superior Court.
The procedural background of this appeal is a bit complex. In 2008, Harley Kaplan (“Kaplan”) and others sued Compass Securities Corporation (“Compass”) and others in the Norfolk Superior Court, C.A. No. 08-01199-B (the “Superior Court case”). Kaplan was a employee of Compass, doing business as a registered representative, i.e., an investment adviser. A dispute had arisen between Compass, Kaplan, and other parties relating, in part, to a regulatory consent order Kaplan had entered into that called for “heightened supervision” of his work. Pursuant to employment agreements Kaplan allegedly signed,[3] the Superior Court ordered arbitration of that dispute, an order that Kaplan appealed.
In April, 2010, while the appeal of the Superior Court arbitration order was pending, Marie Nucifora (“Nucifora”), a client of Compass, filed this action against Compass and others in the Quincy District Court for $10,000.00. On August 9, 2010, Compass filed a third-party complaint against Kaplan, seeking to shift any liability it might have to Nucifora onto Kaplan’s shoulders. Kaplan filed his answer on August 20, 2010. On September 20,2010, one month later and shortly after the Appeals Court affirmed the arbitration ordered in the Superior Court action, Compass asked the District Court to stay the action before it and order all parties, that is, Nucifora, Compass, and Kaplan, to arbitrate their dispute. Compass attached to that motion a copy of the Appeals Court’s August 17,2010 order for arbitration of “all claims” between, inter alia, Kaplan and Compass. Kaplan opposed the motion to compel arbitration.
On October 26, 2010, Compass informed the District Court that it had settled Nucifora’s claims against it. Kaplan had failed to appear at a case management conference on October 22,2010 and believed he was defaulted, although no default was ever entered by the court. Kaplan then announced a vigorous discovery program including multiple depositions. Compass responded on November 2, 2010 with an “omnibus” memorandum, renewing its earlier request for dismissal or a stay or, in the alternative, a request that the District Court consolidate the case with the Superior Court case. Two days later, on November 4,2010, the District Court denied Compass’ request to compel arbitration or consolidate the case with the Superior Court action. The District Court suggested it would approve dismissal if Compass paid the “reasonable attorney’s fees incurred by Kaplan in defending the third-party action.” Kaplan’s counsel promptly requested $13,004.00 in attorney’s fees. On November 15, 2010, Compass objected to Kaplan’s request for attorney’s fees and expressly withdrew “any and all requests for Dismissal [sic].”
On the same day, November 15, 2010, and without advising the District Court, Compass filed an “emergency motion” in the Superior Court case, requesting that the Superior Court transfer venue of the District Court case to itself and compel arbi *196 tration of the issues involved in the District Court action. On November 17,2010, the Superior Court allowed that motion; the motion ruling was entered on the Superior Court docket on November 18, 2010. There is disagreement as to when the District Court or the District Court judge, in particular, received actual or certified notice of the November 17, 2010 Superior Court action. In any event, on November 22, 2010, the District Court, without mention of the Superior Court’s action, dismissed the third-party case and ordered Compass to pay Kaplan $13,004.00 in legal fees. Compass has appealed that order.
This appeal presents potentially complex issues. Compass challenges the District Court’s authority to dismiss an action after the requesting party has withdrawn that request and to impose substantial mandatory attorney’s fees on a party that has not been adjudicated to have been at fault and in favor of a party that had not asserted a counterclaim or identified any statutory authority for an award of counsel fees. Kaplan, in response, has cited authority, largely from Federal cases applying analogous Federal rules, which he claims supports the challenged order. However, those issues need not be resolved on this appeal.
The Superior Court order of November 17,2010, docketed by its clerk the following day, was a valid exercise of that court’s “extensive powers” to consolidate and transfer cases. See Nautican Realty Co. v. Nantucket Shipyard, Inc., 28 Mass. App. Ct. 902, 903 (1989). The Superior Court has specific statutory authority to transfer actions from the District Court to its own jurisdiction. G.L.c. 223, §2B. Some years ago, the Appellate Division discussed the effect of such orders in Salter v. Scott, 48 Mass. App. Dec. 168 (1972), aff’d, 363 Mass. 396 (1973). Salter held, in effect, that once the Superior Court has exercised its power under G.L.c. 223, §2B, the District Court case is no longer pending in that court and the matter at issue must be finally determined in the Superior Court. Id. at 172.
The November 17th order was, by its terms, immediately effective (“is ordered transfered [sic] and consolidated with this case”). The Superior Court clerk’s entry of that order on the docket of the Superior Court action on the next day made it legally effective. See Mass. R. Civ. R, Rule 58(a) (“A judgment is effective ... when entered as provided in Rule 79(a).”); Mass. R. Civ. R, Rule 79(a) (“The entry of an order or judgment shall show the date the entry is made.”). The “entry date” is the effective date for judicial actions other than final judgments. See, e.g., Mass. R. Civ. R, Rule 79(a) (referring to orders as well as judgments); G.L.C. 231, §118, first and second par. (appeals of interlocutory orders and preliminary injunctions shall be taken “within thirty days of the entry of [the] order”). Accordingly, after November 18, 2010 at the latest, the case on appeal was no longer pending in the Quincy District Court. See Salter, supra at 172. As the District Court no longer had authority over these parties, its subsequent orders, including the November 22 and December 31,2010 memoranda, are moot. In the circumstances here presented, we need not address the significance, if any, of the subsequent date and time when the District Court received either actual, or formal, notice of the Superior Court’s November 17,2010 decision.
The District Court’s order for involuntary dismissal and attorney’s fees is vacated. The case is returned to the Quincy District Court with instructions to transfer the case papers forthwith to the Norfolk Superior Court.
So ordered.

 Compass argues Kaplan expressly agreed to arbitration of disputes between himself and Compass. It has filed documents that seem to bear Kaplan’s signature. Kaplan “vehemently’ contends those signatures are forgeries. Given our decision, we need not resolve that matter.